UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOSE M. RODRIGUEZ,

    Plaintiff,

v.                                            Case No. 3:17cv155-RV-CJK

BRENDALIZ ASENCIO, et al.,

    Defendants.
_____/

## ORDER

This cause is before the court on plaintiff's second amended civil rights complaint. (Doc. 21). The complaint was referred to the undersigned for screening under 28 U.S.C. § 1915(e)(2)(B). From a review of the complaint, it is evident the facts as presented fail to support a viable claim for relief as to at least some of the defendants. Plaintiff, therefore, will be allowed to clarify his allegations in a third amended complaint. Plaintiff's motion to supplement the second amended complaint (doc. 23) and motion to add defendant to complaint (doc. 24) will be denied as moot.

## BACKGROUND

Plaintiff is an inmate of the Florida Department of Corrections ("FDOC") currently confined at Walton Correctional Institution ("Walton CI"). The second amended complaint identifies 9 defendants: (1) Julie Jones, Secretary of the FDOC;

(2) Corizon Medical Corp.; (3) Centurion Medical Corp.; (4) Dr. Brendaliz Asencio; (5) Nurse S. Chandler; (6) Nurse Simmons; (7) Nurse Aguardo; (8) Officer Simmons; and (9) Nurse McDonald.  The complaint sets forth the factual allegations that follow.

In 2015, plaintiff arrived in FDOC custody with a personal cane.  He received a medical pass for the cane at South Florida Reception Center and the pass was subsequently renewed at Northwest Florida Reception Center.  Upon arriving at Walton CI on May 11, 2015, however, officials took the cane from plaintiff.  Plaintiff told Nurses Simmons and McDonald that he was disabled and needed the cane "to ambulate and balance," but the nurses declined to return the cane.

On May 14, 2015, plaintiff reported experiencing pain and asked Dr. Asencio to return the cane.  Dr. Asencio informed plaintiff the cane "would not be returned because it was a weapon."  Dr. Asencio also refused plaintiff's request for a "no lifting pass" but did provide ibuprofen.  A few days later, plaintiff returned to sick call with complaints of pain.  Dr. Asencio changed plaintiff's medication to Naproxen, provided an ace bandage, and recommended weight loss.  Plaintiff, however, advised the doctor he could not exercise without the cane or another walking aid.  Plaintiff also requested access to showers with chairs or handrails, but Dr. Asencio denied the request and refused to look at plaintiff's pre-incarceration medical records.  Dr. Asencio later attempted to prescribe Tramadol but "that

prescription was refused"; thereafter, the doctor referred plaintiff for an MRI and therapy at the Reception and Medical Center ("RMC").

At the RMC, plaintiff received a cane, therapy, and medication but no MRI. Plaintiff returned to Walton CI on August 15, 2016. Although the medical pass for plaintiff's cane lasted through June 22, 2017, Nurse Chandler, at the direction of Dr. Asencio, confiscated it. Dr. Asencio later denied plaintiff's request for a transfer to a housing unit which would minimize plaintiff's walking. On December 18, 2016, plaintiff was scheduled to return to RMC. He asked Nurse Aguardo to return the cane, but Aguardo said she could not find it. A correctional officer and plaintiff subsequently located the cane in a closet.

On February 15, 2017, plaintiff was provided a walker but it "had no wheels or seat for resting which was basically useless." In July 2017, staff at RMC prescribed plaintiff Gabapentin for nerve pain. When plaintiff returned to Walton CI in August, Dr. Asencio "confiscated the whole script."

At some unspecified time, plaintiff arrived at classification to perform work translating Spanish to English, but Officer Simmons told plaintiff "you can't mop floors, now go back to your dorm inmate."

Based on the foregoing, plaintiff asserts Secretary Jones violated the Americans with Disabilities Act ("ADA"), and Section 504 of the Rehabilitation Act of 1973. He claims the remaining defendants violated the ADA, the Rehabilitation

Act, and the Eighth Amendment. As relief, he seeks damages, as well as injunctive and declaratory relief.

DISCUSSION

ADA and Rehabilitation Act

Plaintiff cannot state a claim under the ADA or the Rehabilitation Act against any defendant in their individual capacity because "there is no individual capacity liability under Title II of the ADA or [the Rehabilitation Act]." *Badillo v. Thorpe*, 158 F. App'x 208, 211 (11th Cir. 2005) (c*iting Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2nd Cir. 2001)); *see also Owens v. Sec'y, Fla. Dep't of Corrs.*, 602 F. App'x 475, 478 (11th Cir. 2015) ("Since only public entities may be liable under the ADA, Owens fails to state ADA claims against Crews, Bateman, Sheffield, and Lawrence in their individual capacities.").

Similarly, Corizon and Centurion are not public entities that can be liable under Title II of the ADA. *See Edison v. Douberly*, 604 F.3d 1307, 1310 (11th Cir. 2010) ("Since GEO is such a private corporation, we hold that GEO is not a public entity subjecting it to liability under Title II of the ADA and is, therefore, not a proper defendant in this action."). And because plaintiff does not allege Corizon or Centurion receive federal funding, they cannot be liable under the Rehabilitation Act. *See McMullen v. Wakulla Cty. Bd. of Cty. Comm'rs*, 650 F. App'x 703, 704 (11th Cir. 2016) ("The Rehabilitation Act makes it unlawful for any 'program or

activity' receiving federal financial assistance to discriminate on the basis of disability."). In the third amended complaint, plaintiff may only bring an ADA or Rehabilitation Act claim against Secretary Jones in her official capacity.

Corizon and Centurion

The second amended complaint also fails to present a viable Eighth Amendment claim against Corizon or Centurion. "A private entity, like Corizon, is subject to liability under section 1983 when it 'performs a function traditionally within the exclusive prerogative of the state,' such as contracting with the county to provide medical services to inmates because it becomes 'the functional equivalent of the municipality' under section 1983 when it performs such a function." *Denham v. Corizon Health, Inc.*, 675 F. App'x 935, 940 (11th Cir. 2017) (*quoting Craig v. Floyd Cty.*, 643 F.3d 1306, 1310 (11th Cir. 2011)). "[L]iability under § 1983 may not be based on the doctrine of respondeat superior." *Grech v. Clayton Cty., Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003). Plaintiff "must prove that [Corizon or Centurion] had a 'policy or custom' of deliberate indifference that led to the violation of his constitutional right." *Craig*, 643 F.3d at 1310. "Because a [corporation] rarely will have an officially-adopted policy of permitting a particular constitutional violation, most plaintiffs . . . must show that the [corporation] has a custom or practice of permitting it and that the [corporation's] custom or practice is the moving

force behind the constitutional violation." *Grech*, 335 F.3d at 1330 (quotations and alterations omitted).

Plaintiff has not shown either Corizon or Centurion had a policy or custom that resulted in deliberate indifference to plaintiff's medical needs. Plaintiff indicates he repeatedly saw Dr. Asencio for treatment but alleges Asencio provided constitutionally inadequate care. The complaint, however, does not contain any factual allegations concerning Corizon or Centurion. Furthermore, plaintiff admits other inmates at Walton CI were provided with walkers and no lifting passes, which does not suggest Corizon or Centurion had a custom of denying these accommodations to inmates. Because these entities cannot be held liable based solely on allegations their employees exhibited deliberate indifference, plaintiff should remove Corizon and Centurion as defendants from the third amended complaint.

Nurse Aguardo

Plaintiff cannot state an Eighth Amendment claim against Nurse Aguardo. Plaintiff alleges that, on December 18, 2016, he was scheduled to return to RMC. He asked Nurse Aguardo for his cane and "she stated she could not find the cane[.]" A correctional officer and plaintiff subsequently found the cane in the front of a closet.

These allegations are not sufficient to demonstrate Nurse Aguardo exhibited deliberate indifference to plaintiff's medical needs.  To show deliberate indifference, a plaintiff must prove: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." *Goodman v. Kimbrough*, 718 F.3d 1325, 1331-32 (11th Cir. 2013) (*quoting Townsend v. Jefferson Cty.*, 601 F.3d 1152, 1158 (11th Cir. 2010)).  The complaint does not suggest Nurse Aguardo's failure to immediately locate the cane was more than negligence.  Nor does it suggest plaintiff suffered any injury as a result of the momentary delay between the time the correctional officer located the cane and when Aguardo stated she could not find it.  Plaintiff, therefore, should remove Nurse Aguardo as a defendant from the third amended complaint.

Officer Simmons

Plaintiff alleges he reported to work as a translator but Officer Simmons told plaintiff that he could not mop floors so he should return to his dorm.  These allegations do not show Officer Simmons caused plaintiff any injury.  And the allegations do not demonstrate deliberate indifference.  Thus, plaintiff should drop Officer Simmons as a defendant from the third amended complaint.*

---

* Plaintiff's motion to supplement second amended complaint indicates, on one occasion, Officer Bishop did not allow plaintiff to use the wider entrance to the chow hall that can accommodate plaintiff's walker.  The deprivation of a single meal, however, is not sufficient to establish an Eighth Amendment violation.  *See Lindsey v. O'Connor*, 327 F. App'x 319, 321 (3d Cir. 2009) ("The purported deprivation of a single meal is not of such magnitude as to rise to the level of a

Plaintiff must completely fill out a new civil rights complaint form, marking it "**Third Amended Complaint.**" Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place the defendants' names in the style of the case on the first page of the complaint form and include their addresses and employment positions in the "Parties" section of the form. **Plaintiff must clearly identify the number of defendants and their names.** In the "Statement of Facts," plaintiff should clearly describe how each named defendant is involved in each alleged constitutional violation, alleging the claims as to each defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. If plaintiff cannot state exactly how a particular defendant harmed him, he should delete or drop that person as a defendant from the complaint. In the section titled "Statement of Claims," plaintiff must state what rights under the Constitution or laws of the United States have been violated, and he must provide support in the statement of facts for the claimed violations. **Plaintiff must identify the claims being brought against each defendant.** The third amended complaint must contain all of plaintiff's allegations,

---

constitutional violation."); *Hernandez v. Fla. Dep't of Corr.*, 281 F. App'x 862, 866 (11th Cir. 2008) (affirming dismissal of claim where inmate alleged he was deprived of lunch five days per week for about five months). Based on the allegations in the motion to supplement, plaintiff cannot state an Eighth Amendment claim against Officer Bishop.

because once an amended complaint is filed all earlier complaints are disregarded. N.D. Fla. Loc. R. 15.1.

Accordingly, it is ORDERED:

1. The clerk shall send plaintiff a civil rights complaint form for use in actions under 42 U.S.C. § 1983. This case number and the words "Third Amended Complaint" should be written on the form.

2. Within **30 days** from the date of this order, plaintiff shall file a third amended civil rights complaint. The third amended complaint must be typed or clearly written and submitted on the court form as instructed above.

3. Plaintiff's motion to supplement the second amended complaint (doc. 23) and motion to add defendant to complaint (doc. 24) are DENIED AS MOOT.

4. Plaintiff's failure to comply with this order as instructed will result in a recommendation that this case be dismissed.

DONE AND ORDERED this 3rd day of October, 2018.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**