UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
_____PENSACOLA_____ DIVISION

## CIVIL RIGHTS COMPLAINT FORM
### TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

JOSE M. RODRIGUEZ .
Inmate # 417069 .
   (Enter full name of Plaintiff)

THIRD AMENDED COMPLAINT

vs.

CASE NO: 3:17cv155-RV-CJK
   (To be assigned by Clerk)

JULIE JONES, SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS, ██ET.AL.,
DR. BRENDALIZ ASCENCIO; NURSE S.
CHANDLER; NURSE SIMMONS; NURSE K.
RICE L .
(Enter name and title of each Defendant.
If additional space is required, use the
blank area below and directly to the right.)

### ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

FILED USDC FLND PN
NOV 5 '18 PM3:10

Provided to Walton CI
On __11/1/18__ for Mailing
     Date
By (officer initials) _____

## I. PLAINTIFF:

State your full name, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff: JOSE M. RODRIGUEZ

Inmate Number: 417069

Prison or Jail: PRISON WALTON CORRECTIONAL INSTITUTION

Mailing address: 691 INSTITUTION ROAD
DEFUNIAK SPRINGS, FLORIDA
32433

## II. DEFENDANT(S):

State the name of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for **every** Defendant:

(1)  Defendant's name: JULIE JONES

Official position: SECRETARY

Employed at: FLORIDA DEPARTMENT OF CORRECTIONS

Mailing address: 501 S. CALHOUN STREET
TALLAHASSEE, FLORIDA 32399

(2)  Defendant's name: BRENDALIZ ASCENCIO

Official position: DOCTOR

Employed at: WALTON CORR. INST.

Mailing address: 691 INSTITUTION ROAD
DEFUNIAK SPRINGS, FLORIDA 32433

(3)  Defendant's name: S. CHANDLER

Official position: NURSE

Employed at: WALTON CORR. INST.

Mailing address: 691 INSTITUTION ROAD
DEFUNIAK SPRINGS, FLORIDA
32433

## ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS

2

## ADDITIONALS   DEFENDANTS

(4)   SIMMONS
NURSE
WALTON CORR. INST.
691 INSTITUTION ROAD
DEFUNIAK SPRINGS, FLORIDA
32433

(5)   K. RICE
NURSE
WALTON CORR. INST.
691 INSTITUTION ROAD
DEFUNIAK SPRINGS, FLORIDA
32433

# -END-

# -END-

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

**Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.**

## IV. PREVIOUS LAWSUITS

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A. Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
   Yes( )                    No( ✓ )

   1. Parties to previous action:
      (a) Plaintiff(s): ___N/A___
      (b) Defendant(s): ___N/A___
   2. Name of judge: ___N/A___        Case #: ___N/A___
   3. County and judicial circuit: ___N/A___
   4. Approximate filing date: ___N/A___
   5. If not still pending, date of dismissal: ___N/A___
   6. Reason for dismissal: ___N/A___
   7. Facts and claims of case: ___N/A___

   **(Attach additional pages as necessary to list state court cases.)**

B. Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

   Yes( )                    No( ✓ )

   1. Parties to previous action:
      a. Plaintiff(s): ___N/A___
      b. Defendant(s): ___N/A___
   2. District and judicial division: ___N/A___
   3. Name of judge: ___N/A___        Case #: ___N/A___
   4. Approximate filing date: ___N/A___
   5. If not still pending, date of dismissal: ___N/A___
   6. Reason for dismissal: ___N/A___

3

7.   Facts and claims of case: ___N/A_____

_____

**(Attach additional pages as necessary to list other federal court cases.)**

C.   Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes( )                    No( ✓ )

If YES, describe each action in the space provided below.  If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1.   Parties to previous action:
     a.   Plaintiff(s): _____N/A_____
     b.   Defendant(s): _____N/A_____
2.   District and judicial division: __N/A_____
3.   Name of judge: _____N/A_____  Case #: _N/A____
4.   Approximate filing date: __N/A_____
5.   If not still pending, date of dismissal: ___N/A_____
6.   Reason for dismissal: __N/A_____
7.   Facts and claims of case: __N/A_____

_____

**(Attach additional pages as necessary to list cases.)**

D.   Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service?  If so, identify each and every case so dismissed:

Yes( )                    No( ✓ )

1.   Parties to previous action:
     a.   Plaintiff(s): ____N/A_____
     b.   Defendant(s): ___N/A_____
2.   District and judicial division: __N/A_____
3.   Name of judge: ____N/A_____  Case Docket # _N/A____
4.   Approximate filing date: _N/A_____  Dismissal date: _N/A____
5.   Reason for dismissal: __N/A_____

4

6.   Facts and claims of case: _____ N/A _____

**(Attach additional pages as necessary to list cases.)**

## V.   STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how <u>each</u> Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. <u>Do not make any legal arguments or cite to any cases or statutes.</u> You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. **(If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)**

1. On February 9, 2015 Plaintiff Jose Rodriguez was sentenced to a term of imprisonment. Plaintiff arrived into the Florida Department of Corrections (henceforth referred to as Fl.D.O.C) with his personal cane for walking. Plaintiff was transferred to South Florida Reception Center; then transferred to Reception Medical Center (henceforth referred to as R.M.C) where Plaintiff was housed for two weeks. Plaintiff was then transferred to North West Florida Reception Center. By this time Plaintiff's medical pass had expired and was renewed.

2. On May 11, 2015 Plaintiff arrived at Walton Correctional Institution (henceforth referred to as W.C.I) Plaintiff was told by recieving officer that, "He could forget about his walking cane because it was not allowed at W.C.I,"

3. On May 11, 2015 Plaintiff explained, "I am in need of my walking cane to ambulate and balance. Nurse Simmons took Plaintiffs cane to Officer Hicks. Nurse McDonald (henceforth referred to as Nurse K. Rice) stated, "Your being disabled was not the same as in society. Officer Hicks then placed the cane into my property. Nurse Simmons then refused Plaintiff a replacement cane. (See confiscation slip, last entry Officer Hicks refused to sign Exhibit (1) attached)

5

4. PLAINTIFF WAS DEPRIVED OF ANY WALKING OR BALANCING DEVICE IN REPLACEMENT OF HIS CANE. ALMOST TWO (2) YEARS OF SEVERE, CHRONIC PAIN AND SUFFERING, SWELLINGS. THEN EVENTUALLY ADMITTING PLAINTIFF WAS CORRECT AND GIVING HIM A WALKER AT W.C.I.

5. PLAINTIFF IS STILL BEING DEPRIVED OF SUFFICIENT TREATMENT TO ALLEVIATE HIS PAIN; EVEN WITH PLAINTIFF PERSISTANTLY INFORMING DEFENDANT DR. ASCENCIO AND OTHER HEALTH CARE DEFENDANTS ABOUT HIS CHRONIC BACK PAIN, KNEE FEMER, CHRONIC PAIN REGIMEN ADMINISTERED BY "R.M.C" IN LAKE BUTLER, FLORIDA.

6. FOR ALMOST TWO (2) YEARS PLAINTIFF RODRIGUEZ SUFFERED TREMENDOUSLY TRYING TO RETRIEVE HIS CANE FROM W.C.I. MEDICAL OFFICIALS TO NO AVAIL.

7. PLAINTIFF REQUESTED THE RETURN OF HIS WALKING CANE DUE TO PAIN AND SUFFERING. DEFENDANT DR. ASCENCIO RESPONSE WAS, "THE CANE WOULD NOT BE RETURNED BECAUSE IT WAS A WEAPON." PLAINTIFF NOTIFIED MEDICAL OF HIS CONTINUOUS PAIN AND SUFFERING. DEFENDANT ASCENCIO PROMPTLY REFUSED WITHOUT REGARDS TO PLAINTIFFS ONGOING CONDITION.

8. IN AN ATTEMPT TO AVOID LIFTING A FIFTY (50) OR SIXTY (60) POUND LOCKER DAILY OFF THE FLOOR PETITIONER REQUESTED A MEDICAL PASS FROM DEFENDANT ASCENCIO. DEFENDANT REFUSED TO ISSUE PERMITED "NO LIFTING PASS" STATING, "SHE COULD NOT DO SO FOR SECURITY REASONS." (NOTE: MULTIPLE 'NO LIFTING' PASSES WAS ISSUED TO A VARIETY OF INMATES AT W.C.I. DEFENDANT PROVIDED/PRESCRIBED IBUPROFENE

## VI.    STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific.  Number each separate claim and relate it to the facts alleged in Section V.  **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

SEE ATTACHMENT

## VII.    RELIEF REQUESTED:

State briefly what relief you seek from the Court.  Do not make legal arguments or cite to cases/ statutes.

SEE ATTACHMENT

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

11/1/18
(Date)

_(Signature of Plaintiff)_

### IF MAILED BY PRISONER:

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one): ☐ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on: the _11_ day of _November_ , 20_18_ .

_(Signature of Plaintiff)_

Revised 03/07

7

I Jose Rodriguez DC# 417069 Do SWEAR
Under PenaLties of PerJury THAt The
Forgoing Document is Truf And corect
To THe Best of My KNoLeDGE

Jose Rodryez 417069
Name                    Dc#

8. CONT. — AND FORCED PLAINTIFF TO RETURN TO THE DORM.

9. DAYS LATER PLAINTIFF PUT IN A SICK-CALL DUE TO THE SWELLING IN HIS LEGGS. CONTINUOUS PAIN, AND FRUSTRATION AT MANDATED RULES NOT BEING FOLLOWED. PLAINTIFF REQUESTED HIS CANE; WHILE PROTESTING STANDING AND WALKING AID. STILL PROTESTING HIS TREATMENT IN VIOLATION OF THE AMERICAN DISABILITIES ACT. (HENCEFORTH REFERRED TO AS ADA) DEFENDANT ASCENCIO RETALIATED AGAINST PLAINTIFF'S COMPLAINTS BY CHANGING PLAINTIFF'S MEDICATION TO NOPROXIN AND GIVING PLAINTIFF A ACE BANDAGE FOR HIS KNEE INSTEAD OF A KNEE-BRACE. THE DEFENDANT THEN INSULTED PLAINTIFF STATING, "YOU NEED TO LOSE WEIGHT." PLAINTIFF AGREED INFORMING DEFENDANT ASCENCIO "EXERCISING WAS IMPOSSIBLE WITHOUT HIS WALKING AID DENIED BY DEFENDANT ASCENCIO." DR. ASCENCIO REFUSED PLAINTIFF'S REQUEST FOR WALKING AID.

10. PLAINTIFF FURTHER STATED, "HE WAS BEING DENIED ADEQUATE BATHING DUE TO HIM NOT BEING ABLE TO STAND." FOR THE DURATION OF THE SHOWER; NO MEDICAL CHAIRS OR HANDRAILS EXISTS PURSUANT TO A.D.A. RULES WHICH ASSIST THE PLAINTIFF IN STANDING AND BALANCING DURING SHOWER." PLAINTIFF ATTEMPTED TO PROVIDE ~~RECORDS~~ DEFENDANT ASCENCIO DOCUMENTATION OF HIS MEDICAL RECORDS FROM SOCIETY DOCUMENTING HIS DISABILITIES. DEFENDANT ASCENCIO REFUSED THE RECORDS DISREGARDING PLAINTIFF'S OBVIOUS PAIN AND SUFFERING COUPLED WITH FRUSTRATION MOTIVATED BY DEFENDANT'S CLEAR DISREGARD OF MEDICAL RULES AND REGULATIONS.

11. PLAINTIFF AGAIN REQUESTED A WALKER. DEFENDANT ASCENCIO STATED, "I TOLD YOU WE DON'T PRESCRIBE WALKERS. (NOTE: AT THIS TIME THE PRESENCE OF SEVERAL WALKERS WAS ISSUED WITHIN 'W.C.I.') FINALLY DEFENDANT ATTEMPTED TO PRESCRIBE "TREMIDOL" MEDICATION ONLY TO BE REFUSED. DEFENDANT ASCENCIO REFERRED PLAINTIFF TO THEREPY AT R.M.C.

12. ONCE AT "R.M.C." PLAINTIFF REQUESTED SICK-CALL. IT WAS NOTED DEPENDANT ASCENCIO REQUESTED A MRI BE DONE TO PLAINTIFF. THE PHYSICIAN AT R.M.C. RESPONDED TO PLAINTIFF'S REQUEST EXAMINED PLAINTIFF, AND IMMEDIATELY GAVE PLAINTIFF A WALKING CANE TO ASSIST PLAINTIFF IN WALKING; BALANCING. PLAINTIFF ALSO RECIEVED THEREPY AND MEDICATION WHICH RELIEVED PLAINTIFF MAJORITY OF HIS PAIN. HOWEVER NO MRI WAS PERFORMED.

7

13. UPON RETURNING TO W.C.I ON AUGUST 15, 2016, NURSE CHANDLER REVIEWED PLAINTIFF'S MEDICAL PASS ISSUED AT R.M.C. FOR PLAINTIFF'S WALKING CANE. SAID PASS WAS VALID UNTIL JUNE 22, 2017. PLAINTIFF WAS INSTRUCTED TO HIS HOUSING AREA, LATER DEFENDANT CHANDLER CALLED PLAINTIFF TO MEDICAL AND TOLD HIM, "HE WAS TO BE PLACED IN THE INFIRMARY FOR TWENTY-THREE (23) HOURS," FOR OBSERVATION

14. AFTER ABOUT FOUR (4) HOURS DEFENDANT CHANDLER ADVISED PLAINTIFF HIS WALKING CANE PROVIDED AT R.M.C WAS BEING TAKEN PER DEFENDANT ASCENCIO WHOM HAD WENT HOME FOR THE DAY.

15. PLAINTIFF ADVISED DEFENDANT CHANDLER, "THAT EVALUAT-IONS DONE AT R.M.C DETERMINED HE NEEDED A WALKING CANE" DEFENDANT CHANDLER STATED, "YOU HAVE BEEN EVALUATED HERE, AND R.M.C EVALUATION DON'T MEAN NOTHING." SHE THEN STATED, "THE CANE WILL NOT BE RETURNED." THOUGH NO NEW TESTS OR EVAL-UATIONS HAD BEEN DONE AT W.C.I AND PLAINTIFF HAD A LEGITAMITE MEDICAL PASS ISSUED AT R.M.C BY A CERTIFIED PERSONEL WITH HIGHER DEGREE'S THAN DEFENDANT CHANDLER.

16. PLAINTIFF REQUESTED TO DEFENDANT ASCENCIO TO MOVE HIM TO A CERTIFIED A.D.A DORMITORY "G" DORM. SAID DORM IS CLOSER TO MEDICAL, AND CHOW-HALL TO PREVENT LONG DISTANCE WALKING, ETC., DEFENDANT DENIED SAID REQUEST

17. SEVERAL DOCTORS, PHYSICIANS, SPECIALISTS IN SOCIETY HAS FOUND PLAINTIFF TO BE DISABLED. (SEE APPENDIX (A))

18. ON DECEMBER 18, 2016 PLAINTIFF WAS SCHEDULED TO RETURN TO R.M.C AND POSSESSED A VALID MEDICAL PASS FOR A WALKING CANE. MEDICAL NURSES HAD ATTEMPTED TO HIDE PLAINTIFFS CANE. CAPTAIN QUINTEN AND JOHN RAMOS DC# 555898 WITNESS THIS INCIDENT AS THE CAPTAIN HAD TO GO FIND IT.

19. ON FEBRUARY 15, 2017 PLAINTIFF WAS PROVIDED A WALK-ER THAT WAS NON-OPERABLE. SAID WALKER WAS WITHOUT WHEELS OR SEAT FOR RESTING THAT ALL THE OTHER WALKERS PROVIDED TO IN-MATES AT W.C.I HAD. THIS WAS DONE AS A RETALITORY TACTIC BY DEFENDANTS ASCENCIO, SIMMONS, K. RICE, AND CHANDLER, AND MEDICAL STAFF. SAID ACTIONS WAS DONE IN A DISCRIMATORY WAY WITH SUBJECTIVE KNOWLEDGE OF A RISK OF SERIOUS HARM TO PLAINTIFF

20. On May 8, 2017 Plaintiff was transferred to R.M.C, which was done. Plaintiff was referred to see a doctor at Jacksonville's Memorial Medical Center.

21. On July 25, Plaintiff arrived at Jacksonville's Memorial Medical Center after having a Cat-Scan. Plaintiff was told by medical personel that the Cat-Scan was un-readable visually. Plaintiff was scheduled to return within a few months.

22. On August 15, 2017 upon returning to W.C.I Plaintiff's cane and medication was again taken. Depriving the Plaintiff without creative solutions or proper medical treatment. Said actions by Defendant Ascencio has prove ongoing creating a deliberate indifference. Defendant Ascencio being a medical doctor had subjective knowledge of a serious risk harm; by conduct that amounts to more than gross negligence. Said actions also proved discrimatory as all other inmates housed at W.C.I was recieving adequate treatment.

23. R.M.C transferred Plaintiff back to W.C.I with medications; Gabapentin for nerve pain which Defendant Ascencio took away again, and stated "they don't prescribe that at W.C.I," and then terminated the entire script. Plaintiff was again denied adequate medical treatment that he needed from the doctor at R.M.C whom Defendant Ascencio continuously referred Plaintiff to. Defendant's actions again proved deliberate indifferent to Plaintiff's medical needs.

24. Two weeks later Defendant Ascencio stated. "I was told by Dr. Lay.... My boss not to send you back to the specialist Dr." Even though I was scheduled to return within a few months. Defendant Ascencio refused to allow me to sign the blue referral due to Defendant Ascencio supervisor's 'Dr. Lay's' advice.

25. Plaintiff was provided a walking cane each time Plaintiff was referred to R.M.C. Said physician's provided adequate treatment. Upon each return to W.C.I said adequate treatment was denied Plaintiff by Defendant Ascencio with assistance of other Defendant's in an ongoing intentionally reckless manner. Other Defendants acted upon Defendant Ascencio's malicious advice.

9

26. Plaintiff asserts Secretary of the Florida Department of Corrections Julie Jones violated Plaintiffs 8th and 14th Amendment rights of the United States Constitution in her official capacity. Defendant Jones directs an agency that violated Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act of 1973. U.S.C § 12132, 28 C.F.R § 39.120. Title II of the act prohibits discrimination under any program or activity conducted by an agency. From May 11, 2015 through May 5, 2017 Defendant Jones agents and, or employees committed violations while acting within the course, and scope of their employment and, or agency with Defendant. Thus Jone is vicariously liable for actions of its agents and employee's when they committed the ("ADA") violations alleged herein. Defendant Jones actions is responsible for Plaintiffs continuous pain in the mid to lower back: sharp pains down the back of Plaintiffs hamstring; numbness in the lower back with pain around the spinal area. Swelling in the knees with sharp pain around the ankles. All pain was caused by/due to Defendant Jones employees violating established mandated rules by taking Plaintiffs medical cane issued by a board certified doctor, after medical evaluations determined said cane was needed for Plaintiff to walk. Defendant Jones non-actions motivated et, al. to continue their illicit actions. Plaintiffs condition has worstened due to the actions of Defendant's Jones employee's herein. Defendant Jones further acted with deliberate indifference in her official capacity as her employee's conduct disregarded known an obvious risks that violated Plaintiffs constitutional rights. Said Defendant acted with reckless disregards. Said actions violates the Plaintiffs 8th and 14th Amendments of the United States Constitution. De-Jones is being sued in her official capacity.

27. Plaintiff asserts Defendant Nurse Simmons acted in violation of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act of 1973. U.S.C § 121.32, 28 C.F.R § 39.120. Title II of the act prohibits discrimination under any program or activity conducted by an agency. The act prohibits discrimination against an individual based on disability by a program or entity recieving federal funds. 29 U.S.C 794 (A) and (B)(2) and (B). The Florida Department of Corrections recieves federal funding. On May 11, 2015; Defendant Nurse Simmons took Defendant's medical cane stating, "Your being disabled is not the same as being in society." Defendant did so with clear understanding of the disability act ("ADA") and Rehabilitation act. An official or

27. Municipality acts with deliberate indifference if its conduct disregards a known or obvious risk that is very likely to result in the violation of a prisoners constitutional rights. Defendant, Nurse Simmons knew that plaintiff possessed a medical pass for medical purposes; a pass given only when an inmate is given or has special needs. Defendant Simmons also knew plaintiffs cane being taken from plaintiff posed a great risk to plaintiff being hurt. Instead defendant Simmons acted with reckless disregard of plaintiffs constitutional rights to appropriate medical treatment, by disregarding mandated rules to honor plaintiffs medical pass and forcing plaintiff to walk without a cane or adequate support defendant Simmons caused plaintiff continuous pain in the mid lower back; sharp pains down the back of plaintiffs hamstring: numbness in the lower back with pain around the spinal cord; swelling in the knee's, with sharp pains around the ankles. Defendant Simmons actions proved discrimatory, as other inmates possessed assistance in walking with medical (canes) defendant Simmons being a certified nurse possessed subjective knowledge of the risk of serious harm by plaintiff falling down; breaking a limb; risk breaking plaintiff's skull. Defendant Simmons disregarded that knowledge as the plaintiffs medical pass to assist in walking. Her conduct amounts to more than gross negligence. Defendant Simmons violated 8th and 14th Amendments to the United States constitution. Defendant Simmons is being sued in her official capacity.

28. Plaintiff asserts defendant K. Rice, formerly nurse McDonald violated the American with disabilities act ("ADA"), and section 504 of the rehabilitation act of 1973. 42 U.S.C. $ 12132, 28 C.F.R $ 39,120, from May 11, 2015 through May 5, 2017. Defendant K. Rice actions is responsible for plaintiffs on-going chronic pain and suffering in the mid lower back; sharp pains down the back of plaintiffs hamstring. Numbness in the lower back with pain around the spinal area: swelling in the knee's; with sharp pains around the ankles. Defendant K. Rice stated, "your being disabled is not the same as in society", while defendant Simmons siezed plaintiffs cane; issued to him by medical doctors. Plaintiff Rodriquez is disabled as defined by 42 U.S.C $ 12102, as he suffered a that substantially limited one or more of his major life activities, including but not limited to; walking, lifting, running, standing for long periods the statement

11

28. CONT. — THAT, "BEING DISABLED IN PRISON IS NOT THE SAME AS BEING DISABLED IN SOCIETY," COUPLED WITH DEFENDANT SIMMONS STANDING BY HER SIDE ENCOURAGED DEFENDANT SIMMONS TO TAKE PLAINTIFFS MEDICAL CANE THAT WAS NEEDED FOR PLAINTIFF'S AILMENTS, INFACT SAID STATEMENT DID ENCOURAGE DEFENDANT TO TAKE PLAINTIFF'S MEDICAL CANE, DEFENDANT K. RICE IS PRINCIBLE TO HER CO-DEFENDANTS ILLICIT ACTIONS OF HELPING TO CAUSE CONTINUOUS PAIN FOR PLAINTIFF. EACH TIME PLAINTIFF WENT TO MEDICAL DEFENDANT K. RICE MADE REFERENCE TO THE TAKING OF PLAINTIFFS CANE AS IF IT WAS A JOKE. DEFENDANT K. RICE ACTIONS CONSTITUTES DELIBERATE INDIFFERENCE. AS A MEDICAL NURSE DEFENDANT K. RICE WAS AWARE OF THE HARM SHE PLACED PLAINTIFF IN BY TAKING THE MEDICAL CANE THE WAS ISSUED TO HIM BY A MEDICAL DOCTOR WITH A HIGHER DEGREE. DEFENDANT K. RICE REFERRED TO THE TAKING OF HIS MEDICAL CANE FOR EACH OF PLAINTIFFS MEDICAL VISITS IN A TAUNTING MANNER ASSURED PLAINTIFF HER ACTIONS WAS DONE WITH RECKLESS DISREGARDS TO MANDATED RULES TO HONOR ALL MEDICAL PASSES PRESCRIBED BY PHYSICIANS. DEFENDANT K. RICE ACTIONS VIOLATED PLAINTIFFS 8TH AND 14TH AMMENDMENTS OF THE UNITED STATES CONSTUTION, SAID DEFENDANT IS BEING SUED IN HER OFFICIAL CAPACITY.

29. DEFENDANT DR. ASCENCIO IN HER OFFICIAL CAPACITY FROM MAY 11, 2015 THROUGH MAY 5, 2017 VIOLATED THE AMERICAN WITH DISABILITIES ACT ("ADA"), AND SECTION 504 OF THE REHABILITATION ACT OF 1973. 42 U.S.C. $ 12132 ; 28 C.F.R $ 39.120. DEFENDANT ASCENCIO ACTIONS IS RESPONSIBLE FOR PLAINTIFFS CONTINUOUS PAIN THE MID LOWER BACK. SHARP PAINS DOWN THE BACK OF PLAINTIFF'S HAMSTRING, NUMBNESS IN THE LOWER BACK WITH PAIN AROUND THE SPINAL AREA, SWELLING IN THE KNEES WITH SHARP PAIN AROUND THE ANKLES. DEFENDANT ASCENCIO WAS RESPONSIBLE FOR PROVIDING HEALTHCARE FOR FLORIDA PRISONER'S AT W.C.I FROM FEBRUARY 2015 THROUGH MAY 2017 AND DURING THAT TIME PLAINTIFF WAS INTERMITTENLY DENIED ADEQUATE MEDICATION FOR HIS CHRONIC PAIN AND DISCOMFORT. PLAINTIFF WAS CONTINUOUSLY DENIED HIS AUXILIARY AID, CANE, KNEE-BRACE, BACK-BRACE, DESPITE COMPLAINTS WITHOUT REGARD TO CURATIVE SOLUTIONS / ALTERNATIVE FOR SAID PERIOD. DEFENDANT ASCENCIO COMMITTED THESE ACTS WITH MALICIOUS INTENT KNOWING SAID ACTIONS WAS AGAINST MEDICAL PRACTICES. WITH SUBJECTIVE KNOWLEDGE OF A RISK OF SERIOUS HARM; COUPLED WITH DISREGARD FOR THAT RISK. DEFENDANT ASCENCIO ACTIONS MANIFEST A DELIBERATE INDIFFERENCE AS HER CONDUCT AMOUNTED TO MORE THAN GROSS NEGLIGENCE. DESPITE CONTINUOUS COMPLAINTS OF SEVERE CHRONIC PAIN IN PLAINTIFF'S LEGGS AND BACK;

12

29. CONT. — DEFENDANT ASCENCIO IGNORED PLAINTIFF'S COMPLAINTS LEADING TO ONGOING PAIN AND SUFFERING. PLAINTIFF WAS MADE TO SUFFER ONGOING PAIN IN A MALICIOUS, RECKLESS MANNER. PLAINTIFF ASSERTS MULTIPLE DOCTORS PRIOR TO DEFENDANT ASCENCIO ATTENDED TO HIS MEDICAL CONDITION AND THEIR EVALUATION MANIFESTED THE NEED FOR PLAINTIFF TO HAVE ASSISTANCE WITH STANDING, AND WALKING. FURTHER, DEFENDANT ASCENCIO'S ACTIONS CLEARLY CREATED/MANI-FESTED DELIBERATE INDIFFERENCE TO PLAINTIFFS CONSTITUTIONAL RIGHTS DUE TO PLAINTIFF BEING DEPRIVED OF THE MEDICALLY ISS-UED CANE. SAID ACTIONS CAUSED PLAINTIFF TO FALL DOWN SEVERAL TIMES CREATING MORE ONGOING PAIN BOTH INSIDE OF THE SHOWER, AND IN ROUTE TO THE CHOW-HALL: CAUSING PLAINTIFF FURTHER DAMAGES. SAID ACTS WAS MALICIOUS AS PLAINTIFF WAS PREVIOUSLY CERTIFIED AS DISABLED AND DEFENDANT ASCENCIO WAS AWARE OF PLAINTIFFS CERTIFICATION AS DISABLED, SAID DEFENDANT CONTINUED TO SHOW DISREGARD FOR PLAINTIFFS DIS-ABILITY AND CONSTITUTIONAL RIGHTS TO ADEQUATE TREATMENT BY REFERRING PLAINTIFF TO SPECIALIST'S AT R.M.C, AND THEN DISREGARDING/CANCELING THE RECOMMENDATIONS ON THE SPECIALISTS IN A RECKLESS MANNER THAT WAS ALSO RETALITORY. DEFENDANT ASCENCIO IS BEING SUED IN HER OFFICIAL CAPACITY FOR VIOLATING PLAINTIFFS 8th AND 14th AMMENDMENT OF THE UNITED STATES CONSTITUTION.

30. PLAINTIFF ASSERTS DEFENDANT, NURSE CHANDLER VIOLATED THE AMERICAN WITH DISABILITIES ACT ("ADA"), AND SECTION 504 OF THE REHABILITATION ACT OF 1973, 42 U.S.C § 12132, 28 C.F.R § 39.120 FROM MAY 11, 2015 THROUGH MAY 5, 2017. DEFENDANT CHANDLER IN HER OFFICIAL CAPACITY AS A NURSE AT W.C.I ACTED WITH RECKLESS DISREGARD OF PLAINTIFFS MEDICAL NEEDS, AND CONDITION ALONG WITH ~~XXXXXXXXX~~ EXISTING CONDITIONS, DEFENDANT CHANDLER VIOLATED PLAINTIFFS CONSTITUTIONAL RIGHTS WHILE TAKING PLAINTIFFS MEDICAL CANE PRESCRIBED BY MEDICAL DOCTORS AT R.M.C WITHOUT JUSTIFICATION: WHOM PLAINTIFF WAS SENT TO R.M.C FROM W.C.I TO BE EVALUATED BY DUE TO HIS CONDITION OF FALLING DOWN IN THE SHOWER, AND AS HE ATTEMPTED TO GO TO THE CHOW-HALL WALKING WITHOUT HIS CANE, DEFENDANT CHANDLER WAS DELIBERATELY INDIFFERENT TO PLAINTIFFS CONSTITUTIONAL RIGHTS DUE TO HER OBVIOUS INTENTIONS TO DEPRIVE PLAINTIFF BY CALLING HIM BACK TO MEDICAL AFTER RELEASING HIM TO THE COMPOUND THEN LOCKING HIM INSIDE OF THE INFIRMARY WITH NO JUSTIFICATION. (~~XXXXXX~~-FOUR HOURS) LATER RELEASING PLAINTIFF AND FORGING DOCUMENTS TO

13

30. CONT. — MEDICAL DOCTOR STATING FALSE ACTIONS AS HER AND DEFENDANT ASCENCIO WORKS HAND IN HAND CONSPIRING AGAINST PLAINTIFF TO TAKE HIS WALKING CANE, AND TO TAKE PLAINTIFF OFF THE MEDICATIONS THAT HELPS HIM. SAID DEFENDANT CHANDLER SEIZED THE CANE THAT WAS AGAIN PRESCRIBED TO HIM BY DOCTORS AT R.M.C WHOM PLAINTIFF WAS REFERRED TO BY DEFENDANT ASCENCIO. UPON LEAVING MEDICAL PLAINTIFF FELL TO THE GROUND CAUSING MORE PAIN TO HIS BEING. TWICE THE PLAINTIFF FELL AS HE NEEDED THE CANE PRESCRIBED BY MEDICAL DOCTORS AT R.M.C. DEFENDANTS ACTIONS CONTINUED AS DEFENDANT REFUSED TO PROVIDE PLAINTIFF WITH ANY WALKING ASSISTANCE. SAID DEFENDANT KNEW AS A NURSE THAT HER ACTIONS WAS AGAINST POLICY AND PLAINTIFFS CONSTITUTIONAL RIGHTS. DEFENDANT CHANDLER IS BEING SUED IN HER OFFICIAL CAPACITY FOR THE VIOLATIONS OF PLAINTIFFS 8TH AND 14TH AMMENDMENTS OF THE UNITED STATES CONSTITUTION. DEFENDANT CHANDLER'S ACTIONS LEADS TO PLAINTIFF'S CONTINUOUS PAIN IN THE MID LOWER BACK; SHARP PAINS DOWN THE BACK OF PLAINTIFFS HAMSTRING. NUMBNESS IN THE LOWER BACK AROUND THE SPINE. SWELLING OF THE KNEE'S, WITH SHARP PAINS AROUND THE ANKLES.

31. FOR ALL ALLEGATIONS IN THIS STATEMENTS OF FACTS, PLAINTIFF HAS EXHAUSTED THE 3-STEP GRIEVANCE PROCESS, WITH RESPONSE'S FROM TALLAHASSEE; (SEE APPENDIX (B)) (JONES) VIOLATIONS OF THE "ADA" AND "RA"; CONSTITUTIONAL LAWS OF THE UNITED STATES OF AMERICA.

ATTN: SEE "STATEMENT OF CLAIMS"

OVER
↓ ↓ ↓

14

# : STATEMENT OF CLAIMS:

**32.** PLAINTIFF IS ENTITLED TO RELIEF AGAINST DEFENDANT JONES IN HER OFFICIAL CAPACITY AS SECRETARY OF THE FLORIDA DEPARTMENT OF CORRECTIONS FOR VIOLATING TITLE II OF THE AMERICAN WITH DISABILITIES ACT., (HEREAFTER REFERRED TO AS "ADA") AS DESCRIBED IN COMMON ALLEGATIONS SECTION D. 42 U.S.C § 12101 ET SEQ.

**33.** THE "ADA" PROVIDES IN PERTINENT PART: NO QUALIFIED INDIVIDUAL WITH A DISABILITY SHALL, BY REASON OF SUCH DISABILITY, BE EXCLUDED FROM PARTICIPATION IN OR BE DENIED THE BENEFITS OF THE SERVICES, PROGRAMS OR ACTIVITIES OF PUBLIC ENTITY. U.S.C § 12132 AND THE 8TH AND 14TH AMMENDMENTS.

**34.** TITLE II OF THE ACT PROHIBITS, AMONG OTHER THINGS: (A) LIMITING A QUALIFIED INDIVIDUAL'S ENJOYMENT OF ANY RIGHT, PRIVILEGE, ADVANTAGE OR OPPORTUNITY ENJOYED BY OTHERS RECIEVING AN AID, BENEFIT, OR SERVICE OF AN AGENCY; (B) SUBJECTING A QUALIFIED INDIVIDUAL TO DISCRIMINATION UNDER ANY PROGRAM OR ACTIVITY CONDUCTED BY AN AGENCY. RULE C.F.R § 39,120

**35.** PLAINTIFF IS ALSO ENTITLED TO RELIEF UNDER § 504 OF THE REHABILITATION ACT (RA): THE ACT PROHIBITS DISCRIMINATION AGAINST AN INDIVIDUAL BASED ON DISABILITY BY A PROGRAM OR ENTITY RECIEVING FEDERAL FUNDS. 29 U.S.C 794 (A) AND (B) (a) (B)

**36.** SECTION 504 PROHIBITS RECIPIENTS OF FEDERAL FINANCIAL ASSISTANCE FROM: UTILIZING CRITERIA OR METHODS OF ADMINISTRATIONS.... [I] THAT HAVE THE EFFECT OF DEFEATING OR SUBSTANTIONALLY IMPAIRING ACCOMPLISHMENTS OF OBJECTS OF THE RECIPIENTS WITH RESPECT TO HANDICAPED PERSONS. C.F.R. §§ 84.4 (B) (4); 28 C.F.R § 41,51 (B) (3) (1).

37. PLAINTIFF RODRIGUEZ IS DISABLED AS DEFINED AT 42 U.S.C § 12102(2), AS HE SUFFERED A PHYSICAL IMPAIRMENT THAT SUBSTANTIALLY LIMITED ONE OR MORE OF HIS MAJOR LIFE ACTIVITIES, ENCLUDING BUT NOT LIMITED TO; WALKING, LIFTING, STANDING FOR LONG PERIODS OF TIME!

38. PLAINTIFF RODRIGUEZ IS AN "INDIVIDUAL WITH A DISABILITY WHO MEETS THE ESSENTIAL ELIGIBILITY REQUIREMENTS FOR THE RECEIPT OF SERVICES OR PARTICIPATION IN PROGRAMS OR ACTIVITIES PROVIDED BY THE ENTITY," (WITH OR WITHOUT REGARDS TO AN AUXILIARY AIDS OR MODIFICATIONS.) UNDER 42 U.S.C § 12131(2).

39. DEFENDANT JONES DIRECTS AN AGENCY THAT HAS VIOLATED TITLE II OF "ADA," 504 1973 (RA)

40. DEFENDANT JONES DIRECTS AN AGENCY THAT RECIEVES FEDERAL FUNDING / FINANCIAL ASSISTANCE AS DESCRIBED IN 504 1973 (REHABILITATION ACT; RA)

41. FLORIDA DEPARTMENT OF CORRECTIONS AND THEIR OPERATION COMPRISES A PROGRAM AND SERVICE FOR THE PURPOSES OF TITLE II OF THE "ADA" AND THE REHABILITATION ACT, (RA)

42. DEFENDANT JONES AUTHORIZED HER AGENTS, AND OR EMPLOYEES TO ACT FOR DEFENDANT WHEN THEY COMMITTED THE "ADA" VIOLATIONS ALLEGED HEREIN. DEFENDANT'S AGENT'S AND OR EMPLOYEE'S UNDERTOOK TO ACT ON BEHALF OF DEFENDANT WHEN THEY COMMITTED THE "ADA" VIOLATIONS HEREIN. DEFENDANT HAD CONTROL OVER HER AGENTS IN HER OFFICIAL CAPACITY WHEN THEY COMMITTED THE "ADA" VIOLATIONS AND REFUSED TO INTERVENE AND INSTEAD COVER-UP HER AGENTS ILLICIT ACTIONS, IN VIOLATION OF THE 8TH AND 14TH AMMENDMENTS OF THE UNITED STATES CONSTITUTION.

43. DEFENDANT JONES AGENTS AND EMPLOYEE'S COMMITTED THE VIOLATIONS WHILE ACTING WITHIN THE COURSE AND

43. CONT. — SCOPE OF THEIR EMPLOYMENT AND OR A-GENCY WITH DEFENDANT. THUS JONES IS VICARIOUSLY LIABLE FOR ACTIONS OF IT'S AGENTS AND OR EMPLOYEE'S WHEN THEY COMMITTED THE "ADA" AND (RA) VIOLATIONS ALLEGED HEREIN. SAID VIOLATIONS ARE 8TH AND 14TH AMMENDMENTS OF THE U.S. CONSTITUTION.

44. PLAINTIFF RODRIGUEZ'S NEED'S FOR REASONABLE ACCOMODATIONS WAS KNOWN AND OBVIOUS TO DEFENDENTS VIOLATING THE 8TH AND 14TH AMMENDMENTS OF THE U.S. CONSTITUTION.

45. DEFENDANT JONES AGENTS AND OR EMPLOYEE'S, ACTED INTENTIONALLY OR WITH DELIBERATE INDIFFERENCE TO PLAINTIFF RODRIGUEZ'S NEED FOR REASONABLE ACCOMI-DATIONS BY VIOLATION AMMENDMENT 8, AND 14, OF THE U.S. CONSTITUTION. ALSO RULE 504 OF THE 1973 (RA).
(A) INTERMITTENT DENIAL OF CANE AND PROPER MEDI-CATION FROM YEAR 2015 TO 2-13-17
(B) INTERMITTENT DENIAL OF SHOWERS WITH APPRO-PRIATE HANDRAILS; PLAINTIFF FELL IN SHOWER HURTING HIS KNEE AND BACK: HELPED AND WITNESSED BY INMATES. NOT ACOMMI-DATING PLAINTIFF'S 8TH AND 14TH AMMENDMENT VIOLATING PLAINTIFF'S "ADA" AND "RA" RIGHTS OF 504 1973.
(C) FAILURE TO IMPLEMENT POLICIES AND PROCEDURES WHEREBY INMATES WHO ARE DISABLED ARE PROPERLY PROTECTED FROM DISCRIMINATION UNSECURED "ADA" 504 1973.

46. AS A DIRECT AND PROXIMATE RESULT OF DEFENDANTS FAILURE TO ACCOMIDATE PLAINTIFF RODRIGUEZ'S DISABILITIES, RODRIGUEZ HAS BEEN PHYSICALLY INJURED AND UNABLE TO BENEFIT FROM PROGRAMS AND SERVICES AVAILABLE TO OTHER INMATES. NOT REPLACING CANE WITH WALKER. SAID ACTIONS VIOLATES THE PLAINTIFF'S 8TH AND 14TH AMMENDMENT RIGHT GUARANTEED BY THE U.S. CONSTITUTION. ALSO IN VIOLATION OF 504 1973 (RA). WHEREFORE PLAINTIFF SEEKS RELIEF AS NOTED BELOW: 42 U.S.C. §1983: FAILURE TO TREAT RELATED TO ALL DEFENDANTS

47. PLAINTIFF IS ENTITLED TO RELIEF AGAINST DEFEN-DANTS "ALL" IN THERE OFFICIAL CAPACITY FOR VIOLATIONS

47. CONT.— OF THE EIGHTH AND FOURTEENTH AMM-ENTS TO THE UNITED STATES CONSTITUTION AS MORE FULLY SET OUT IN THE COMMON ALLEGATIONS SECTION E AND F.

48. DEFENDANT DR. ASCENCIO WAS RESPONSIBLE FOR PRO-VIDING HEALTHCARE TO FLORIDA PRISONERS HOUSED INSIDE THE FLORIDA DEPARTMENT OF CORRECTIONS FROM FEBRUARY 2015 THROUGH MAY 2017, AND DURING THAT TIME:

(A) PLAINTIFF RODRIQUEZ WAS INTERMITTENLY DENIED ME-DICATION FOR HIS CHRONIC PAIN AND DISCOMFORT. IN VIOLATION OF RULE 504 (RA) 1973.

(B) PLAINTIFF RODRIQUEZ WAS CONSTANTLY DENIED HIS AUXILLARY AID. CANE. KNEE BRACE, BACK BRACE DESPITE COMPLAINTS FOR NEARLY TWO (2) YEARS; WITHOUT REGARD OR CURITIVE SO-LUTION/ALTERNATIVE FROM FEBRUARY 2017 UNTIL YEAR 2017. VIOLATING PLAINTIFFS 8TH AND 14TH U.S.C. RIGHTS

(C) DESPITE REPEATED COMPLAINTS AND PLEA'S OF SEVERE CHRONIC PAIN IN RODRIQUEZ'S LEGGS AND BACK HE WAS IN-TENTIONALLY IGNORED BY DEFENDANTS; MADE TO SUFFER DELIBERATE INDIFFERENCE FOR FAILURE TO TREAT. VIOLATING THE 8TH AND 14TH AMMEND; "ADA", AND RULE 504 (RA) 1973

(D) CONTINUOUS DENIAL OF ACCOMMODATIONS FOR PLAINTIFF'S DISABILITIES AS RETALIATION FOR THE FACT THAT HE REQUIRES MORE CARE AND HE COMPLAINS AND SUBMITS GRIEVANCES.

## PLAINTIFF SEEKS INJUNCTIVE RELIEF AS FOLLOWS:

1. ADA IADE, AND TO END THE INTERMITTENT DENIAL OF "ADA" STATUS AS A RETALITORY TOOL.

2. REQUIRE FLORIDA DEPARTMENT OF CORRECTIONS MEDICAL STAFF TO CONSISTANTLY PROVIDE PLAINTIFF RODRIQUEZ WITH HIS NEEDED AND PRESCRIBED PROPER MEDICATION; CARE TO PRESERVE HIS FAILING BACK AND KNEE; PROVIDE REGULAR APPROPRIATE MEDICATION AND CARE.

3. REQUIRE FLORIDA DEPARTMENT OF CORRECTIONS MEDICAL STAFF TO PROVIDE NEEDED BACK AND KNEE'S TREATMENT; CHRONIC PAIN FOR LONG TIME FAILURE TO TREAT AS THE PAIN CAN WORSEN IN THE FUTURE.

4. REQUIRE OFFICERS TO RETURN PLAINTIFF'S PERSONAL PROPERTY.

5. COMPENSATORY DAMAGES AGAINST DEFENDANT'S SUED IN IN THEIR OFFICIAL CAPACITY.

6. PUNITIVE DAMAGES AGAINST DEFENDANTS SUED IN THEIR OFFICIAL CAPACITY.

7. NOMINAL DAMAGES TO THE EXTENT COMPENSATORY DAMAGES ARE UNAVAILABLE.

8. COMPENSATORY DAMAGES AGAINST ALL DEFENDANT'S.

9. ATTORNEY FEES PURSUANT TO 42 U.S.C. § 1988 AND THE COST OF LITIGATION.

10. POST-JUDGEMENT INTEREST.

11. A TRIAL BY JURY ON ALL ISSUES TRIABLE.

12. SUCH OTHER RELIEF AS JUSTICE MAY REQUIRE.

PLAINTIFF SEEKS ABOVE DAMAGES IN TOTALITY, IN THE AMOUNT OF EIGHT-HUNDRED-FIFTY-THOUSAND-DOLLARS AND ZERO-CENTS ($850,000.00)

MEDICAL REPORT
APPENDIX "A"

**FLORIDA DEPARTMENT OF CORRECTIONS**
## Chronological Record of Health Care

Allergies: _NKDA_

| DATE/TIME | |
|---|---|

8/15/10  1015  NN: Received inmate this morning from RMC west unit as new intake. Inmate arrived ā cane and passes for low bunk and no prolonged standing >15 min/hr. Inmate was informed that he would not be allowed to keep the cane on the compound. Inmate stated, "I have to have the cane, I can't walk without it. Why can't I have it, I had one here before?" Inmate instructed by nurse to report to medical when released from security in VP to exchange cane for walker. Explained to inmate the cane was considered a weapon and it would not be taken to the compound. Inmate continued to argue ā nurse about cane. Nel finally says, "ok, ok." When inmate was released from VP, he went to G dorm, was called back to medical. Upon arriving in medical, inmate ambulating ō minimal use of cane. Gait steady, no limping noted. Back is straight, inmate not walking bent forward. Appears to be in no acute distress. Inmate placed in infirmary until evaluation by physician. Inmate states, "I have a prescription for Tramadol that the Dr. needs to rewrite." Will monitor. ————
         S. Chandler LPN

        S. CHANDLER, SLPN
        WALTON CI

8/15/10  1200  NN: Chart reviewed by Dr. Asencio, orders received and carried out. ————
        S. Chandler LPN

        S. CHANDLER, SLPN
        WALTON CI

8/15/10  1300  NN: Inmate instructed to continue exercises as recommended by physical therapy. Low bunk, low tier, no lift, push or pull >15 lb and binder given for back support, passes given. Inmate informed of no cane or walker. Inmate became angry, states, "I have to have a cane or a walker. I am

RODRIGUEZ, JOSE M
DC# 417069  R/S W/M
DOB: 07/26/1967

S- Subjective Data
O- Objective Data
A- Assessment of S and O Data
P- Plan
E-Education

DC4-701 (Effective 4/8/10)     Incorporated by Reference in Rule 33-602.210

## FLORIDA DEPARTMENT OF CORRECTIONS
## Chronological Record of Health Care

Allergies: NKDA

| DATE/TIME | |
|---|---|
| 8/5/10 1300 continued note. | disabled on the street. I'll just have to write her up again. This is ridiculous." Inmate also states, "I have all of my disability paperwork, I don't know why they don't recognize it here." Binder given to inmate c̄ instructions. Inmate stands up from sitting on bed and begins packing his books in his bag bending at waist multiple times c̄ no distress noted. Pass given to return Tid for single issue medication. — S. Chandler SLPN |
| | S. CHANDLER, SLPN WALTON CI |
| 8/5/10 1310 | NN: Inmate released to security, condition is stable. Ambulates s̄ difficulty, carries large bag of property c̄ no distress seen. Inmate instructed to follow up through sick call c̄ any change or worsening of condition. — S. Chandler SLPN |
| | S. CHANDLER, SLPN WALTON CI |
| 08/19/10 13:00 | S) Here... [illegible handwritten note] ... O) 1300 LLP femur fx. on 2012 ... MVA + severe DDD / lumbar. Sent recently to P.T. specialist who documented clinical improvement after careful examination. Pt c/o pain + requests a cane. Pt has been observed by Nurse, personnel as well as by security + this provider to perform sudden movements while lifting objects w/o limitations. Due to his wild schedule this pt. A) x-ray of the femur, pelvis + lumbar spine. P) Plan Cont ... transdel, ... [illegible]
security? |

RODRIGUEZ, JOSE M
DC# 417069   R/S W/M
DOB: 07/26/1967

S- Subjective Data
O- Objective Data
A- Assessment of S and O Data
P- Plan
E- Education

Reviewed by
B. Asencio, MD
Walton CI

DC4-701 (Effective 4/8/10)   Incorporated by Reference in Rule 33-602.210

## FLORIDA DEPARTMENT OF CORRECTIONS
## Chronological Record of Health Care

Allergies: *NKDA*

| DATE/TIME | |
|---|---|
| AUG 1 5 2016 12:00 | *[handwritten clinical note, largely illegible]*

S: (illegible)

Pt with hx chronic low back pain. Evaluated by P.T. who recommended *(illegible)* exercise & referred pt to stateg pt *(illegible)* due importance of this condition. PLAN: ① Chronic PT plan ② Cont. *(illegible)*: LBP, low *(illegible)*, no *(illegible)* standing, no push pull or lift ③ D/C *(illegible)* ④ Add abdominal/back *(illegible)* support ⑤ Refill *(illegible)* 50mg PO BID x10 days ⑥ *(illegible)* +APAP + *(illegible)* each TID x 3 days meanwhile Pt cont. ⑦ D/C *(illegible)* ⑧ *(illegible)* prn on in next *(illegible)*

AUG 1 5 2016   Reviewed by:
B. Asericio, MD
Walton CI

*(illegible)*
8/15/16
1230
S. CHANDLER, SRN
WALTON CI |

RODRIGUEZ, JOSE M
DC# 417069   R/S W/M
DOB: 07/26/1967

S- Subjective Data
O- Objective Data
A- Assessment of S and O Data
P- Plan
E- Education

DC4-701 (Effective 4/8/10)      Incorporated by Reference in Rule 33-602.210

## FLORIDA DEPARTMENT OF CORRECTION
### HEALTH SLIP/PASS

**The below-named inmate is authorized for:**

☐ Bed rest lay-in   From_____ To_____
☐ Low/bottom bunk   From_____ To_____
☐ No shave   From_____ To_____
☐ Restricted activity   From_____ To_____
Restrictions:_____

_____

☑ Other:   From 7/12/15 To 7/30/15
May use Cane
from 7-12-15 to 7/30/15

Inmate Rodriguez JOSE
DC# 417 068   R/S W/M
Date of Birth 7-26-64
Institution SFrC
Authorized by:_____
(Initial & Name Stamp)
Date: 7-7-15
M. FERNANDEZ

---

## FLORIDA DEPARTMENT OF CORRECTIONS
### HEALTH SLIP/PASS

**The below-named inmate is authorized for:**

☐ Bed rest lay-in   From 6/12/17 To 6/12/18
☒ Low/bottom bunk   From 6/12/17 To 6/12/18
☐ No shave   From_____ To_____
☒ Restricted activity   From 6/12/17 To 6/12/18
☐ Restrictions:_____

_____

☒ Other:   From 6/12/17 To 9/12/17
Walker

RODRIGUEZ, JOSE M.
DC# 417069   W/M
DOB: 07/26/1967

Authorized by: Wm Jatt AMD
(Initial & Name Stamp)
e: wik late
6/12/17

---

## FLORIDA DEPARTMENT OF CORRECTIONS
### HEALTH SLIP/PASS

**The below-named inmate is authorized for:**

☐ Bed rest lay-in   From_____ To_____
☑ Low/bottom bunk   From 11/19/15 To 11/19/16
☐ No shave   From_____ To_____
☑ Restricted activity   From 11/19/15 To 11/19/16
☑ Restrictions: No prolonged Standing

☑ Other:   From 11-19-15 To 11-18-16
① Ace wrap

Inmate Rodriguez Jose M.
DC# 417069   R/S
Date of Birth 07/26/1967
Institution 108
Authorized by:_____
(Initial & Name Stamp)
Date: 11/19/2015

Dr. B. Asencio, MD
WALTON CI

**Health Slip/Pass**
**DC4-701D (2/96)**   White/Medical Yellow/Security Pink/Inmate

---

## FLORIDA DEPARTMENT OF CORRECTIONS
### HEALTH SLIP/PASS

**The below-named inmate is authorized for:**

☐ Bed rest lay-in   From_____ To_____
☐ Low/bottom bunk   From_____ To_____
☐ No shave   From_____ To_____
☑ Restricted activity   From 10-21-16 To 10-20-19
☑ Restrictions: No prolonged stan-
ding ≥ 15 min

☐ Other:   From_____ To_____

Inmate Rodriguez Jose M
DC# 417069   R/W/M
Date of Birth 05-26-1967
Institution 108
Authorized by:_____
(Initial & Name Stamp)
Date: 10-21-MD 6

Dr. B. Asencio,
WALTON CI

**Health Slip/Pass**
**DC4-701D (2/96)**   White/Medical Yellow/Security Pink/Inmate

**FLORIDA DEPARTMENT OF CORRECT**
**HEALTH SLIP/PASS**

**The below-named inmate is authorized for:**

☐ ~~Bed rest lay-in~~    From_____ To_____

☑ Low/bottom bunk   From _8-15-16_ To _08-1_

☐ No shave    From_____ To_____

☐ Restricted activity   From _08-15-16_ To_____

☒ Restrictions: no push pull or lift
≥ 15 lbs.

☐ Other:    From _08-15-16_ To _08-1_
① Bunden for back suport
② Low tier

Inmate _Rodriguez Jose_   Authorized
DC# _B-41706_ R/S_____ by_____
Date of Birth _07-30-196_ Reviewed by___ (Initial & Name Stamp)
Institution _108_   B. Asencio, MD _08-15_
   Walton CI

**Health Slip/Pass**
**DC4-701D (2/96)**   White/Medical  Yellow/Security  Pink/Inmate

---

**FLORIDA DEPARTMENT OF CORRECTIONS**
**HEALTH SLIP/PASS**

**The below-named inmate is authorized for:**

☐ Bed rest lay-in    From_____ To_____

☑ Low/bottom bunk   From _5│13│15_ To _11│13│15_

☐ No shave    From_____ To_____

☐ Restricted activity   From_____ To_____

☐ Restrictions:_____

_____

_____

☐ Other:    From_____ To_____

_____

_____

Inmate _Rodriguez, Jose_
DC# _417069_   R/S_WM_
Date of Birth _7/30/67_
Institution _Walton_

Authorized
by_____
(Initial & Name Stamp)
Date: _5/13/15_

Dr. B. Asencio, MD
WALTON CI

**Health Slip/Pass**
**DC4-701D (2/96)**    White/Medical  Yellow/Security  Pink/Inmate

**FLORIDA DEPARTMENT OF CORRECTIONS**
**HEALTH SLIP/PASS**

**The below-named inmate is authorized for:**

☐ **Bed rest lay-in**      From_____ To_____

☐ **Low/bottom bunk**   From_____ To_____

☐ **No shave**              From_____ To_____

☒ **Restricted activity**  From 6 22 16 To 7 6 16

☒ **Restrictions:** No prolonged standing
_____

☒ **Other:** Cane        From 6 22 16 To 6 22 17
_____

RODRIGUEZ, JOSE M
DC# 417069     R/S     W/M
DOB: 07/26/1967

Authorized
by: _____ ARNP
(Initial & Name Stamp)
Date: 6 22 16

A. Wisnowski
ARNP
RMC

**Health Slip/Pass**
**DC4-701D (2/96)**          White/Medical  Yellow/Security  Pink/Inmate

---

**FLORIDA DEPARTMENT OF CORRECTIONS**
**HEALTH SLIP/PASS**

**The below-named inmate is authorized for:**

☐ **Bed rest lay-in**      From_____ To_____

☒ **Low/bottom bunk**   From 7 12 16 To 10 12 16

☐ **No shave**              From_____ To_____

☒ **Restricted activity**  From 7 12 16 To 10 12 16

☒ **Restrictions:**
Low tier
No prolonged standing

☐ **Other:**               From_____ To_____
_____
_____

B-417069   W/M   06/01/2016
RODRIGUEZ, JOSE MIGUEL

Authorized
by: _____  C. Abbott
(Initial & Name Stamp)   ARNP
Date: 7-12-16           RMC

**Health Slip/Pass**
**DC4-701D (2/96)**          White/Medical  Yellow/Security  Pink/Inmate

**DISABILITY HEARING OFFICER'S DECISION**

**(DIB, CDB, DWB (Including surviving divorced spouse), DI, DS)**

Determination of Disability

1. The Social Security regulations require that a person's disability be determined through a series of evaluation steps. The first step for benefits under title II of the Social Security Act (the Act) is to determine whether or not the person is presently engaging in substantial gainful activity (20 CFR 404.1520(b)). This decision was made by the Social Security office before the disability hearing decision was issued. This decision was:

☐ You are not engaging in substantial gainful activity   ☐ You are engaging in substantial gainful activity but may be entitled to an extended period of disability, as described in 20 CFR 404.1592a.

NOTE: Performance of substantial gainful activity is no longer a basis for finding that a period of disability has ended under title XVI of the Act.

In making the determination of disability, the hearing officer will review the remaining evaluation steps. Depending upon the evaluation of the evidence, the hearing officer may make a determination regarding the claimant's disability at various steps during the review.

2. Does claimant's impairment(s) meet or equal a current listed impairment? ──────► ☐ YES  ☒ NO

The hearing officer will determine whether the impairment meets or equals an impairment in the Listing of Impairments in the Social Security regulations. The listing contains many medical impairments which would normally prevent a person from doing any gainful activity. If a person's impairment(s) meets or equals an impairment in the listing, he/she will be found disabled. If the impairment does not, the hearing officer will continue to the next review step. (20 CFR 404.1526, 20 CFR 416.926(b))

Explain:

3. Has there been medical improvement of claimant's impairment(s) since the comparison point decision? ──────► ☒ YES  ☐ NO

The comparison point decision (CPD) is the most recent prior favorable medical decision that the person was disabled or continued to be disabled. Medical improvement is defined as any decrease in the medical severity (as shown by changes in the signs, symptoms and/or laboratory findings) of the impairment(s) which was present at the CPD (20 CFR 404.1594, 20 CFR 416.994(b)). If medical improvement has occurred, the hearing officer will continue to the next review step (step 4). However, if there has been no medical improvement, the review step will be step 5.

Explain:

At CPD, the medical records documented that the claimant had a long history of treatment for Bipolar disorder and alcohol and poly-substance abuse, with multiple psychiatric hospitalizations. Medical records support that he was hospitalized with a depressed mood and poor attack and memory problems. A mental status examination documenting that he was hospitalized with a depressed mood and poor attention and concentration. Functional information revealed that he required significant assistance with his activities, tended to isolate himself, had low energy ... and had periods of thoughts. Currently, the claimant is receiving treatment and is compliant ... documents that the claimant was alert, oriented and pleasant with an unremarkable speech. He exhibited appropriately and demonstrated intact memory and fund of information. His mood was improved, but he indicated ... symptoms of psychosis were evident. Functional information reveals that he is able to attend to his daily activities with some reminders. He is able to interact appropriately with others and exhibited appropriate social skills at his most recent examination.

4. If there has been medical improvement, is it related to the ability to do work? ──────► ☐ YES  ☒ NO

If a person's impairment(s) met or equaled the listing of impairments in effect at the CPD, the hearing officer will determine (considering only the impairment(s) present at the time of the CPD) whether that same listing, as it then appeared, continues to be met or equaled. If that listing is no longer met or equaled, medical improvement will be determined to be related to the ability to do work. If the CPD was based on medical/vocational considerations, the hearing officer will determine (considering only the impairment(s) present at the time of the CPD) the person's current residual functional capacity (RFC) and determine whether there has been an increase (improvement) in the person's RFC since the time of the CPD. Residual functional capacity refers to those basic work activities a person can do despite his/her impairment(s). If there has been an increase in RFC, medical improvement will be determined to be related to the ability to work. If medical improvement is not related to the ability to do work, the hearing officer will

FORM SSA-1207-BUF 1 (5-1992) EF(10-2004)

NUMBER HOLDER'S SSN
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

continue to the next review step (step 5).  However, if medical improvement is related to the ability to do work, the next review step will be step 6. (20 CFR 404.1594; 20 CFR 416.994(b)).

Explain:

---

5. If there has been no medical improvement or medical improvement has occurred which is not related to the ability to do work, do any of the exceptions to the medical → ☐ YES   ☒ NO
improvement standard apply.

These exceptions are classified in 20 CFR 404.1594; 20 CFR 416-994(b). If none of the exceptions applies, the person will be found disabled.  If an exception does apply, the hearing officer will continue to the next review step.

Explain:

---

6. Does claimant have a severe impairment? → ☒ YES   ☐ NO

If a person's impairment(s) is a slight abnormality or a combination of slight abnormalities which has no more than a minimal effect on a person's ability to do basic work activities, the hearing officer will determine that the person does not have a severe impairment.  Examples of work activities include walking, standing, sitting, lifting, carrying, pushing or handling.  Also involved are capacities for seeing, hearing, speaking, understanding, and carrying out simple instructions.  If medical improvement does not apply and the person does not have a severe impairment, he/she will be determined not to be disabled.  If medical improvement applies and is shown to be related to the ability to work, the hearing officer will determine whether all current impairments, singly or in combination, are severe.  (20 CFR 404.1520-1523, 1594; 20 CFR 416.920-923, 994(b); SSR 85-28)

Explain:
The claimant has clinical diagnosis of Status Post Fracture of the Left Lower Extremity Limb Pain, Lumbar Intervertebral Disc Displacement and Lumbosacral Radiculitis.

---

7. What is claimant's RFC based on all current impairments?

For the purpose of determining physical exertion requirements of work, jobs are classified as sedentary, light, medium, heavy and very heavy. (20 CFR 404.1545, 1567; 20 CFR 416.945, 967).

Explain:
The claimant would be limited to less than sedentary work activity.  He would require frequent breaks in order to alternate between sitting, standing and lying down and would be unable to sustain an 8-hour workday and 40-hour workweek.

---

8. Does claimant's impairment(s) prevent him/her from doing past relevant work? → ☒ YES   ☐ NO

Past relevant work refers to work that the claimant has done within the last 15 years, has done long enough to learn, and has done for profit or gain.  If a person has the residual functional capacity to perform past relevant work, he/she will be considered not disabled.  If he/she cannot do past relevant work, the hearing officer will continue to the next review step. (20 CFR 404.1565; 20 CFR 416.961)

Explain:
The claimant has no past relevant work.

---

9. Does claimant have a marginal education and work experience that is limited to arduous, → ☐ YES   ☒ NO
unskilled physical labor?

Generally, if a person has marginal education and work experience of 35 years or more of arduous, unskilled physical labor and the person is not working and cannot perform past work due to a severe impairment, he/she will be considered unable to do lighter work and the person will be considered disabled.  If he/she does not meet all of these

---

NUMBER HOLDER'S SSN
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

criteria, the hearing officer will continue to the next review step.  (20 CFR 404.1562; 20 CFR 416.962)

Explain:

| | | | YES | NO |
|---|---|---|---|---|
| 10. | Is claimant of advanced age with a limited education and no work experience or no recent and relevant work experience? | | ☐ YES | ☒ NO |

Generally, a person of advanced age with no relevant work experience and a limited education or less will be considered disabled provided his/her impairment is severe.  If all of these criteria are not met, the hearing officer will continue to the next review step.  (SSR 82-63)

Explain:

| | | | YES | NO |
|---|---|---|---|---|
| 11. | Does claimant's impairment(s) prevent him/her from doing other work? | | ☒ YES | ☐ NO |
| | a. If material, are claimant's skills transferable? | | ☐ YES | ☐ NO |

To what occupation(s) can claimant's skills be transferred?

Explain:

b. What is the vocational rule to be used?

12. What jobs can the claimant do if the claimant's vocational factors do not coincide with a vocational rule and if a determination is being made that the claimant is not disabled?

Explain:

If a person cannot do past relevant work, it will be determined whether he/she can do other work (work that exists in significant numbers in the person's region or several other regions in the country).  To make this decision, the hearing officer considers the person's RFC, occupational base, age, education, and work experience (classified as unskilled, semi-skilled and skilled).  If the person's work experience indicates that the work was semi-skilled or skilled, the hearing officer will consider whether those skills are transferable, if relevant to the disability determination.  To do this, the hearing officer will identify the acquired work skills and, if necessary, specify the occupations to which the acquired work skills are transferable.  In deciding this review step, the hearing officer will refer to the medical/vocational guidelines (Appendix 2) of the Social Security regulations.  If all the person's vocational factors do not coincide with a particular rule in the guidelines, the hearing officer will use these rules as a framework for deciding this step.  If a person has the capacity to adjust to work other than what he/she has done in the past, the person will be found not disabled.  (20 CFR 404.1560-1569; 20 CFR 416.960-969)

Explain:

FORM APPROVED

SOCIAL SECURITY ADMINISTRATION

| SUMMARY OF EVIDENCE | DDS | OHA |
|---|---|---|
| | 199 | 7944 |

CODE NUMBER

**Paperwork Reduction Act Statement** - This information collection meets the requirements of 44 U.S.C. § 3507, as amended by Section 2 of the Paperwork Reduction Act of 1995. You do not need to answer these questions unless we display a valid Office of Management and Budget control number. We estimate that it will take about 13 minutes to read the instructions, gather the facts, and answer the questions. *Send only comments on our time estimate above to: SSA, 1338 Annex Building, Baltimore, MD 21235-6401.*

**PRIVACY/PAPERWORK ACT NOTICE:** The Social Security Administration (SSA) is authorized to collect the information on this form under section 205(a), 1631 1(e)(1)(A) and (B), and 1702 of the Social Security Act (the Act), as amended (42 U.S.C. 405, 1383, and 1395i). Giving us this information is mandatory. This form will be used as a means for listing medical/vocational reports included in claims folders of cases where the evidentiary hearing process required by section 205(b) of the Act and 20 CFR sections 404.913(b), 404.914(a), 416.1413(b), and 416.1414(a) applies.

| CLAIMANT'S NAME | NUMBER HOLDER'S SOCIAL SECURITY NUMBER |
|---|---|
| Jose M. Rodriguez Leon | 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 |

List in chronological order (newest to oldest basis) on date of report) all medical and vocational reports of information pertaining to the issue of disability which were considered in the development of this case. Include physicians' reports (specify if consultative examinations (CE)/); hospital records, medical or vocational test results.

**A. MEDICAL/VOCATIONAL REPORTS SINCE COMPARISON POINT DECISION**

The Miami Institute for Joint Reconstruction records from 1/16/13 to 4/2/14
Fraga Medical Center records from 9/19/13 to 12/30/13
Dr. Bernardo Garcia Grande report dated 9/19/13

**B. MEDICAL/VOCATIONAL REPORTS AT COMPARISON POINT DECISION**

Nora Dieguez, Ph.D. neuropsychological evaluation on 5/15/12

Form SSA-887 (7-1 989) ef (10-2004)

NUMBER HOLDER'S SSN
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

injections and continued use of narcotic medications to control his pain.  His recent physical examinations note an antalgic gait, limping and shuffling gait.  His treating physician indicates that although he has appropriate strength, he is unable to squat and walk on his heels and toes.  He requires the use of a cane for balance and ambulation of long distances.  The range of motion of his lumbar spine was limited to forward flexion and extension and his straight leg raise is positive for pain.  He exhibited muscle spasms over his lumbar spine.  A current MRI of his lumbar spine documents degenerative joint disease of the lumbar spine.  Current imaging studies reveal degenerative changes of his left lower extremity and excessive callus formation.  Functional information indicates that he is unable to stand or walk for prolonged periods and requires frequent breaks while performing his daily activities.  He must alternate between sitting, standing and lying down.  He needs assistance from his family to carry out his daily activities.  Based on the medical evidence and the limitations imposed by claimant's chronic back and leg pain, he would be limited to less than sedentary work activity.  He would require frequent breaks in order to alternate between sitting, standing and lying down and would be unable to sustain an 8-hour workday and 40-hour workweek.  The evidence of record establishes that the claimant is not able to engage in substantial gainful work activities.  Therefore, the claimant's condition continues to meet the requirements for disability benefits.

---

Are there any other issues relating to this determination? ⟶ ☐ YES ☒ NO

Explain:

---

### CONCLUSION

The CLAIMANT is found to be:

☒ **DISABLED**

☐ DISABLED, but with a new period of disability.
  The earlier determination that claimant's
  disability has ceased is correct.  A new period
  of disability began as of: _____

☐ NOT DISABLED

☐ NOT DISABLED, but with a later cessation date.  The
  claimant's disability ceased as of: _____

Other conclusion:

| Disability Hearing Officer's Signature | Date |
|---|---|
| | 11/4/14 |

NUMBER HOLDER'S SSN

## ANALYSIS OF EVIDENCE AND FINDINGS OF FACT

The hearing officer has reviewed the medical, vocational and other information in the claimant's claims folder pertaining to the issue(s) described above. The hearing officer has also reviewed the testimony and any additional documentary evidence submitted at the disability hearing. After careful consideration of all evidence, the hearing officer makes the following findings:

The claimant was previously allowed Social Security Disability effective 8/20/12 due to Bipolar disorder. This determination dated 12/31/12 is the comparison point decision (CPD) as it is the most recent favorable medical determination for the claimant's disability. Currently, a determination was made that the claimant was no longer disabled effective 04/14 as his medical condition had improved. The claimant appealed the decision, as he believes he continues to be disabled due to schizophrenia, depression, and left leg and back pain. A hearing was held on October 8, 2014.

At CPD in 2012, the medical evidence shows that the claimant had a long history of psychiatric treatment for depression, psychosis and alcohol and poly-substance abuse. He also had a history of multiple psychiatric hospitalizations, attendance to various substance abuse treatment programs and medications. The claimant underwent a neuropsychological evaluation with Nora Dieguez, Ph.D. on 5/15/12. At the time, the claimant reported being involved in a motor vehicle accident earlier that year that resulted in damage to his back and left leg. He related that he received psychiatric treatment and that he was depressed, paranoid, had attacks and memory problems. In addition, he stated that he was irritable, had poor frustration tolerance and avoided social interaction. The claimant presented as disheveled with a depressed mood, congruent affect and normal speech. The Test of Non-Verbal Intelligence-3 test administered, which yielded scores indicating that he had minimal difficulty with analyzing information and abstract thinking. His memory was variable, and his attention and concentration were poor. Diagnoses of Cognitive Impairment and Post-Traumatic Stress Syndrome were provided. Functional information revealed that the claimant was not able to attend to his daily activities such as self-care or organizing his routine appointments without frequent reminders. He tended to isolate himself, lost his temper easily and had paranoid thoughts. In addition, he was experiencing hallucinations. It was determined that the claimant could not meet the demands of a normal workday or work week and disability was established under Social Security regulations.

Currently, the evidence documents that the claimant recently sought treatment from Dr. Bernardo Garcia Grande on 8/19/13 due to depression and crying bouts. His mental status examination revealed that he was well groomed, alert and well oriented with a pleasant attitude and coherent speech. His mood was dysthymic/even with an appropriate affect. His memory was intact and his level of intelligence was adequate. He denied suicidal/homicidal ideation or symptoms of psychosis. His insight was fair and his judgment was appropriate. He was prescribed Risperidone, Sertraline, Vistaril and Xanax. A diagnosis of Bipolar Disorder was provided.

In addition, the claimant alleges pain in his back and left leg. The claimant receives treatment for back pain, left leg pain, hypertension and other minor illness from Fraga Medical Center (9/18/13-12/20/13). A progress note dated 9/18/13 indicates that the claimant was seen for leg pain. His physical examination revealed a weight of 250 pounds with a height of 67.72 inches and a blood pressure of 130/90. The claimant's gait was shuffling, limping and unstable and he used his arms for balance. He exhibited paravertebral spasms over his lumbar spine. His left lowered extremity revealed joint enlargement and tenderness at the knee with a restricted range of motion. His left leg was shorter than his right leg. He was referred to use an orthopedic. Diagnoses of Obesity and Pain in Limb were offered. Records from The Miami Institute for Joint Reconstruction documents that the claimant receives treatment and pain management (1/18/13-4/2/14). A record dated 4/25/13 shows that he was seen due to severe pain of his left leg resulting from a former fracture of his left femur. He reported pain with walking and physical activity. Dr. Cesar advised that he suspected that the fracture might not have healed completely due to the claimant's continued pain. A record dated 12/19/13 documents that he was seen due to low back pain. At the time of his visit, he reported pain with prolonged standing, bending forward and walking and that it radiated to his lower extremities. His physical examination documents a weight of 245 pounds with a height of 66 inches. He walked with an antalgic gait. The range of motion of his lumbar spine was decreased with forward flexion and extension.

NUMBER HOLDER'S SSN
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

He was tender to palpation over the lumbar paraspinal muscles. He had no motor strength or sensory abnormalities, but straight leg raise was positive for pain. He was administered an epidural steroid injection and was continued on his prescribed medication of Percocet 7.5/325 mgs. An MRI of the lumbar spine was noted to document disc bulges at L1-2 to L5-S1 with a protrusion evident at L5-S1. A progress note dated 3/5/14 shows that he was seen for a follow up visit and pain management. At the time, he reported continuous low back pain that radiated to his lower extremities. Physical examination notes document an antalgic gait. His paraspinal muscles were tender to the touch and displayed spasms. His lumbar spine had a limited range of motion. Manual muscle testing was normal for hip flexion, knee flexion and extension. His reflexes and sensation were normal. He was administered an epidural steroid injection. It was noted that the claimant has done well with the epidural steroid injections, but that he continued to suffer from residual pain of his left femur and low back. The records document diagnoses of Lumbar Intervertebral Disc Displacement, Lumbosacral Radiculitis and Distal End of Femur Joint were offered. A record dated 4/2/14 shows that the claimant walks with a slight limp and antalgic gait. He uses a straight cane for balancing and ambulating long distances. He is unable to squat and walk on heels and toes. It was noted that he has strength, but has difficulty balancing his position. An X-ray of his left femur dated 4/2/14 demonstrates evidence of status post-surgical repair of a fracture in the distal femoral shaft excessive callus formation but no angulation or displacement. A linear lucency extending through the fracture site was present. In addition, degenerative changes were noted at the hip and knee. An X-ray of his left knee dated 4/2/14 shows evidence of surgical repair to a previous femoral shaft fracture. Once again, abundant callus was noted and a linear lucency extending through the fracture site was noted. In addition, loss of the tibiofemoral joint spaces of the knee with sub-chondral sclerosis and small osteophyte formation were noted.

Functional information reveals that the claimant lives with his father in a house. He attends to his own personal hygiene but requires sitting while he showers and gets dressed. He takes his medications independently with some reminders from his father. He prepares simple meals such as scrambled eggs, sandwiches or microwaveable meals. He conducts light household chores such as sweeping. He requires frequent periods of rest while performing his chores and must alternate his position from sitting, standing and lying down every fifteen minutes. He reports that he needs assistance from his father for heavier chores. He does not drive, but uses public transportation to get to his destinations. He pays for supplies, snacks and food with cash and a debit card, but requires help from his father in handling his finances. For leisure, he watches television. He indicated that he gets along with his friends and family, although he occasionally argues with his father. At the hearing, the Hearing Officer noted that the claimant was polite and attentive. He was able to respond appropriately to questions without repetition. He limped, walked clumsily and required a cane for ambulation. He held on to his chair when he stood up. He seemed to lose his balance when he attempted to open the door out into the lobby.

A review of the total evidence in the file establishes that the claimant's medical condition has improved since CPD in 2012; however, the claimant has significant physical limitations that prevent him from engaging in substantial work activity. At CPD, the medical records documented that the claimant had a long history of treatment for Bipolar disorder and alcohol and poly-substance abuse, with multiple diagnoses or hospitalizations. Medical records report that he was experiencing hallucinations, panic attacks and memory problems. A mental status examination documented that he was disheveled with a depressed mood and poor attention and concentration. Functional information revealed that he required significant assistance with his daily activities, tended to isolate himself, lost his temper easily and had paranoid thoughts. Currently, the claimant is receiving psychiatric treatment and is prescribed psychotropic medications. He has a clinical diagnosis of Bipolar Disorder. His most current mental status examination documents that the claimant was alert, well oriented and pleasant with an unremarkable speech. He indicated appropriately and demonstrated intact memory and fund of information. His mood was depressed, but he denied suicidal/homicidal thoughts. No symptoms of psychosis were evident. Functional information reveals that he is able to attend to his daily activities with some reminders. He is able to interact appropriately with others and exhibited appropriate social skills at his most recent examination. The totality of evidence indicates that the claimant is capable of unskilled work activity. He would be moderately limited in his ability to understand, remember, and carry out detailed instructions, and in his ability to maintain attention and concentration for extended periods. In addition, the claimant has clinical diagnoses of Status Post Fracture of the Left Lower Extremity, Limb Pain, Lumbar Intervertebral Disc Displacement and Lumbosacral Radiculitis. The medical evidence documents that the claimant undergoes frequent epidural steroid

# GRIEVANCE PROCESS
# APPENDIX "B"

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**INMATE REQUEST**

Mail Number: _____
Team Number: _____
Institution: _Walton C.I._

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☑ Medical ☐ Mental Health | ☐ Dental ☐ Other _____ |
|---|---|---|---|---|

| FROM: | Inmate Name Jose Rodriguez | DC Number 417069 | Quarters 2-131-5 | Job Assignment Library | Date 24 Mar. 16 |
|---|---|---|---|---|---|

## REQUEST

Check here if this is an informal grievance ☑

This is a Formal Grievance, due to the medication prescribe is ineffective for pain. The Naprocine pills are not effective and my leg which was operated and a still rod which was placed inside the bone is extremely painfull. Now apparently medical has received my medical history from Miami Dade institute in order to properly help me for a medical solution and continue medical care. Therefore, I'm requesting that I've not be treated with deliberate indifference to my medical needs as I am in need of the proper medication. Thank you.

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview All informal grievances will be responded to in writing.

| Inmate (Signature): Jose Rodrig— | DC#: 417069 |
|---|---|

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**    1081603 0212    DATE RECEIVED:

RECEIVED
APR 01 2016
HEALTH SERVICES

MAR 28 2016
Walton C.I.
Library

RECEIVED
MAR 31 2016
ASST. WARDEN PROGRAMS
WALTON C.I.

Medication that is prescribed is at the discretion of the attending physician.

The following pertains to informal grievances only:

Based on the above information, your grievance is _____Denied_____. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

| Official (Print Name): P. Foskey Health Services Administrator Director of Nursing | Official (Signature): | Date: APR 4 2016 |
|---|---|---|

Original: Inmate (plus one copy) Walton C.I.
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 12/14)

Incorporated by Reference in Rule 33-103.005, F.A.C.

## PART C - RECEIPT (TO BE COMPLETED BY DC STAFF)

RETURN TO:

| **RODRIGUEZ, JOSE** | **417069** | **16-6-19238** | **WALTON C.I.** | **D2131S** |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

I ACKNOWLEDGE RECEIPT THIS DATE OF A GRIEVANCE FROM THE ABOVE INMATE IN REGARD TO THE FOLLOWING SUBJECT:

07H (INADEQUATE TREATMENT (MEDICAL))

| **5/4/16** | **16-6-19238** |
|---|---|
| DATE | GRIEVANCE LOG NUMBER |

16-6-19238

FLORIDA DEPARTMENT OF CORRECTIONS

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

☐ **Third Party Grievance Alleging Sexual Abuse**

**RECEIVED**
APR 12 2016
ASST. WARDEN - PROGRAMS
WALTON C.I.

TO: ☐ Warden   ☑ Assistant Warden   ☐ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

| Rodriguez | Jose | | 417069 | Walton C.I. |
|---|---|---|---|---|
| Last | First | Middle Initial | DC Number | Institution |

1604108021

---

Part A – Inmate Grievance

This is a formal Grievance, for the deliberate Indiference of my medical need(s), care and the continued unnecessary and Walton Infliction of paid. This issue concerns an Injury in which I was operated on my Left Leg and a Steel Rod was Inserted in the Bone. As a Consequence I was declared a handi-cap person by a federal agency; Social Security Disability Official. As to my Injures I was working with the assistance of a cane, and prescribe medication. Once I was Transferred to Walton C.I. My cane was taken and Never Replaced. My medication was then stoped and I was given Iboprofen until I made other means to have medication prescribe. Now for 11 months I've been notifying medical that I'm in paid and need medical care. I've made available to medical staff and doctor my medical history which my attorney made it possible to aquired. Now the medication prescribe is ineffective. And as I have continually been lifting a property box weighting over 110# pounds, my leg is now worse. I have notifyed my family and attorney, as medical for 11 months have basically discriminate(ate) my need(s) and have acted with deliberate Indiference to my medical need(s) and care. I'm requesting that I've be seen and treated by a doctor or Transfered to a medical facility for the proper care. Thank you

| 10 April 2016 | _Jose M Rodriguez_   417069 |
|---|---|
| DATE | SIGNATURE OF GRIEVANT AND D.C. # |

---

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

_Medical_

_Jose M Rodriguez_
Signature

INSTRUCTIONS

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to Rule 33-103.007(6)(d).

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: _____   Institutional Mailing Log #: _____
                              (Date)                                                      (Received By)

DISTRIBUTION:   INSTITUTION/FACILITY          CENTRAL OFFICE
                INMATE (2 Copies)             INMATE
                INMATE'S FILE                 INMATE'S FILE - INSTITUTION/FACILITY
                INSTITUTIONAL GRIEVANCE FILE  CENTRAL OFFICE INMATE FILE
                                              CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Effective 11/13)          Incorporated by Reference in Rule 33-103.006, F.A.C.

## PART B - RESPONSE

| RODRIGUEZ, JOSE | 417069 | 1604-108-027 | WALTON C.I. | D2131S |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

YOUR REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL HAS BEEN RECEIVED, REVIEWED AND EVALUATED.

THE MEDICAL CARE PROVIDED BY WALTON CI MEDICAL DEPT. IS APPROPRIATE.  THERE IS NO MEDICAL INDICATION FOR TRANSFER.

GRIEVANCE DENIED.

YOU MAY OBTAIN FURTHER REVIEW OF YOUR COMPLAINT BY PROPERLY COMPLETING A DC1-303, PROVIDING ATTACHMENTS AS REQUIRED BY CHAPTER 33-103 AND FORWARDING YOUR COMPLAINT TO THE BUREAU OF INMATE GRIEVANCES, 501 SOUTH CALHOUN STREET, TALLAHASSEE, FL  32399-2500.

| DR. BRENDALIZ ASENCIO CHO | MARK CRAWFORD | 4-26-16 |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

**CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR THE ADDRESSEE ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAWS.**

REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

**RECEIVED**

☐ Third Party Grievance Alleging Sexual Abuse

TO: ☐ Warden ☐ Assistant Warden ☒ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

MAY 0 4 2016

DEPARTMENT OF CORRECTIONS
INMATE GRIEVANCE APPEALS

_Rodriguez_   _Jose_   _____   _417069_   _Halton C.I._
Last   First   Middle Initial   DC Number   Institution

16-6-19238

---

Part A – Inmate Grievance

This is a Formal Grievance, For the continued discrimination of a "class-P3, Permanent Physical Impairment," and the deliberate in-defference to my medical needs, care and unnecessary wanton infliction of pain. The issue concern's an injury in which I was left permanately disable of my left leg. As a consequence to my injury, I am unable to walk without the assistance of a "cane." Upon a transfer to Halton C.I., my "cane" was taken, without the central office ADA coordinator being contacted for the removal of my auxiliary aid. See Chp. 33-604.101(4)(c), "Requiring Assistant Warden to contact ADA coordinator to determine if it is appropriate." For 12-months, now I've had to "force walk," under constant physical pain, at Halton C.I. For 12-months the Halton medical staff has been legaly appraised of my medical needs and done nothing But Prescribe medication which have only minor effect. I've also had my attorney contacted the hospital which operated my leg toward to medical staff at Halton C.I. My medical history, which has also gone ignored. My left leg, which now contains a Permanent steel rod, and which is now physically shorter, cannot be cured with Ibouprofen. which now my injured legs disability is compounded, by not only being force to walk without an auxiliary aid, But also having to lift a 110 pound property steel box. I'm asking to be treated humanely; not with discrimination due to my race or physical impairment, I'm requesting that my "cane" be returned, or a proper walking auxiliary device be assigned to me and the proper medical care be provided, without retaliation measures from medical staff. (See attached)

_1 may 2016_
DATE

_Jose Rodriguez_   417069
SIGNATURE OF GRIEVANT AND D.C. #

---

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

_☒_   _1 Jose Rodriguez_
#   Signature

---

INSTRUCTIONS

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: _5/4/16_
(Date)

Institutional Mailing Log #: _____

_Noot (108) 007_
(Received By)

---

DISTRIBUTION:

INSTITUTION/FACILITY
INMATE (2 Copies)
INMATE'S FILE
INSTITUTIONAL GRIEVANCE FILE

CENTRAL OFFICE
INMATE
INMATE'S FILE - INSTITUTION/FACILITY
CENTRAL OFFICE INMATE FILE
CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Effective 11/13)   Incorporated by Reference in Rule 33-103.006, F.A.C.

FILED
NCY CLERK

JN 2 9 2016

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

**RODRIGUEZ, JOSE**

NAME

**417069**

NUMBER

**16-6-19238**

GRIEVANCE LOG
NUMBER

**R.M.C.- MAIN UNIT**

CURRENT INMATE LOCATION

**L2121L**

HOUSING LOCATION

Appeal Denied:

Your request for administrative remedy was received at this office and it was carefully evaluated. Records available to this office were also reviewed.

Please be advised that an inmate has the responsibility to write the grievances legibly and if not then it can be returned to the inmate without processing.

Reviewed records indicate that you were seen by the provider on 6/22/16 and issued a cane pass that was determined to be clinically indicated at this time.

It is the responsibility of your health care staff to determine the appropriate treatment regimen for the condition you are experiencing.

Should you experience problems, sick call is available so that you may present your concerns to your health care staff.

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR ADDRESSEE(S) ONLY.
UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

Tom Reimers
Director of Health Services Administration

SIGNATURE AND TYPED OR PRINTED NAME OF
EMPLOYEE RESPONDING

SIGNATURE OF WARDEN, ASST.
WARDEN, OR SECRETARY'S
REPRESENTATIVE

DATE

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

Mail Number: _____
Team Number: _____
Institution: _____

## INMATE REQUEST

| TO: (Check One) | ☐ Warden<br>☐ Asst. Warden | ☐ Classification<br>☐ Security | ☒ Medical<br>☐ Mental Health | ☐ Dental<br>☐ Other Keeneo |
|---|---|---|---|---|

| FROM: | Inmate Name Jose Rodriguez | DC Number B417069 | Quarters C212L | Job Assignment | Date 8-19-2016 |
|---|---|---|---|---|---|

Check here if this is an informal grievance ☐

**REQUEST**

I need To Be placed in G Dorm I Have problems Ambulating Long Distence And showering and Balance please see if I can be Change ASAP

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): Jose Rodriguez        DC#: 417069

**RECEIVED**
**AUG 22 2016**
**WALTON CI**
**HEALTH SERVICES**

**DO NOT WRITE BELOW THIS LINE**

DATE RECEIVED:

**RESPONSE**

Housing is a security issue

[The following pertains to informal grievances only: _____ . (Returned, Denied, or Approved). If your informal grievance is denied,
Based on the above information, your grievance is _____
you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

Official (Print Name): P. Foskey        Official (Signature): Jost Forp    AUG 22 2016
Health Services Administrator
Director of Nursing

Original: Inmate (plus one copy if the response is to an informal grievance then forward to be placed in inmate's file
CC: Retained by official responding or if the response is in accordance with Rule 33-103.005, Florida Administrative Code.
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as
required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no
later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 12/14)        Incorporated by Reference in Rule 33-103.005, F.A.C.

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**INMATE REQUEST**

Mail Number: _____
Team Number: _____
Institution: _____

**TO:** (Check One)
☐ Warden
☐ Asst. Warden
☐ Classification
☐ Security
☑ Medical
☐ Mental Health
☐ Dental
☐ Other medical Acenco

**FROM:**

| Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|
| Jose Rodriguez | B417069 | C2122L | | 8-21-2016 |

Check here if this is an informal grievance ☐

**REQUEST**

I AM Requesting THat I Be geven
My DER medication with Have been
presciibed by Doctor Acenco on the 15 and
I Have Not Recived any thin But IB profan
witch Do not Aliviate my Croin pain
And I would Line to Know whay my
Cane was taken and not Replaced
with a aultnative please Thank you
Also my Asprinsl and Blood prusher
Pills witch I put Refill at Butler and
Have not Recived.

All requests will be handled in one of the following ways: 1) Written Information or  2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): _Jose Rodrigez_            DC#: 417069

**DO NOT WRITE BELOW THIS LINE**

DATE RECEIVED

**RECEIVED**
AUG 2 3 2016
WALTON CI
HEALTH SERVICES

**RESPONSE**

Aspirin will Require a new presciption
Zolantin has been Requested.

You were evaluated by Physical Therapy and no
Recommendation was made for the use of a cane
or other assistive device. You were (also) evaluated
upon Return to walton and Demonstrated the
ability to walk, lift and carrie significantly
heavier items than 15 lbs. There is no medical
Necessarly for an assistive device.

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _____ (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

| Official (Print Name): P. Foster | Official (Signature): | Date: AUG 2 3 2016 |
|---|---|---|
| Health Services Administrator | | |
| Director of Nursing | | |

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 12/14)

Incorporated by Reference in Rule 33-103.005, F.A.C.

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

Mail Number: _____
Team Number: __04__
Institution: _____

**INMATE REQUEST**

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☒ Medical ☐ Mental Health | ☐ Dental ☐ Other Agenco |
|---|---|---|---|---|

| FROM: | Inmate Name Jose Rodriquez | DC Number B417069 | Quarters C2122L | Job Assignment Library | Date 8-25-2016 |
|---|---|---|---|---|---|

Check here if this is an informal grievance ☒

**REQUEST**

I Am Requesting THat Tne pain medication
witch was Tremidol oder on the 8-15-2016
And I Have Not Recived and Am in cronik paine
And Asking To Be Treted Humainly So That
I can Be with minimal Discomfort
Thank you   Jose Rodrygz

All requests will be handled in one of the following ways: 1) Written Information or   2) Personal Interview. All informal grievances will be responded to in writing.

DC#: 417069

Inmate (Signature): _Joe Rodrygz_

**DO NOT WRITE BELOW THIS LINE**

DATE RECEIVED: 

RECEIVED
AUG 26 2016
WALTON CI
HEALTH SERVICES

**RESPONSE**

Tramadol was not approved.

You have Recieved Ibuprfn and Naproxn

[The following pertains to informal grievances only: _____. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Based on the above information, your grievance is _____.

Official (Print Name): Health Services Administrator   Official (Signature): _____   Date: AUG 26 2016
Director of Nursing
Walton C.I.

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 12/14)         Incorporated by Reference in Rule 33-103.005, F.A.C.

**INMATE REQUEST**

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

Mail Nu
Team N
Institutio

| TO:<br>(Check One) | ☐ Warden<br>☐ Asst. Warden | ☐ Classification<br>☐ Security | ☒ Medical<br>☐ Mental Health | ☐ Denta<br>☐ Other |
|---|---|---|---|---|

| FROM: | Inmate Name<br>Jose Rodriguez | DC Number<br>417049 | Quarters<br>B-1206Y<br>D21035 | Job Assi<br>Libra |

**REQUEST**                                                    Check here if this is an i

I Am Asking to see if I could hai
my waker Replaced with a Rolator se
I may Do Laps At Rec and to Be able t
Take off weight from my Left Leg and
when I go toi Chow Dont Have to Stand
So long please ~~to~~ And Be ~~Able~~
To Shower without Having to Hode on to tr
wall please thank you

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal informal grievances will be responded to in writing.

Inmate (Signature): _____     DC#: B41794

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**                                    DATE RECEIVED: FE

HEALT

**ADDRESS AT SICK CALL**

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your info
you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Print Name): K. Rice, RN<br>Nurse Manager | Official (Signature) Rice |

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's fil
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining from DC1-303, Request for Administrative Remedy or A
required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the
later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular

DC6-236 (Effective 12/14)

Incorpo ed by Reference in Rule 33-103.005, F.A.C.

## PART B - RESPONSE

| RODRIGUEZ, JOSE | 417069 | 1802-108-079 | WALTON C.I. | G2106S |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

YOUR REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL HAS BEEN RECEIVED, REVIEWED AND EVALUATED.

THE RESPONSE PROVIDED ON THE INFORMAL GRIEVANCE ADEQUATELY AND CORRECTLY ADDRESSES YOUR COMPLAINT.

GRIEVANCE DENIED.

YOU MAY OBTAIN FURTHER REVIEW OF YOUR COMPLAINT BY PROPERLY COMPLETING A DC1-303, PROVIDING ATTACHMENTS AS REQUIRED BY CHAPTER 33-103 AND FORWARDING YOUR COMPLAINT TO THE BUREAU OF INMATE GRIEVANCES, 501 SOUTH CALHOUN STREET, TALLAHASSEE, FL  32399-2500.

TIM  MILLS

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |
|---|---|---|

# INMATE REQUEST

Team Number: 04
Institution: _____

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☑ Medical ☐ Mental Health | ☐ Dental ☐ Other |
|---|---|---|---|---|

| FROM: | Inmate Name Jose M Rodriguez | DC Number B417069 | Quarters G210GS | Job Assignment Library | Date 1/27/18 |
|---|---|---|---|---|---|

**REQUEST**     Check here if this is an informal grievance ☑

The First week of January-2018, I submitted a DC2-530A Form asking that I be given a pass so that I may go out an get excercize in the Rec yard during the week. I work at the Library so it is hard for me to get Rec time. I need the excercize to keep my weight down and to help improve my mobility.

It has been over 3 wks now since I submitted the DC2-530A and I have not yet heard any reply at all.

Would you please look into this as soon as possible?

Thank You

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

---

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**    1081801 0350    DATE RECEIVED: 07e...

RECEIVED JAN 29 2018 VCI ASST. WARDEN - PROGRAMS WALTON C.I.

Medical

Medical has no control over Rec time or work time. There is no pass available for Rec. Address with security

[The following pertains to informal grievances only:]
Based on the above information, your grievance is _Denied_. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

Official (Signature): _K. Rice_ K. Rice, HSA WALTON C.I.    Date: 1/31/18

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file

This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by the appropriate person. You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 6/12)     Incorporated by Reference in Rule 33-103.005, F.A.C.

**RECEIVED**
FEB 1 3 2018
ASST. WARDEN - PROGRAMS
WALTON C.I.

**FLORIDA DEPARTMENT OF CORRECTIONS**
**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☑ Warden  ☐ Assistant Warden  ☐ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

Rodriguez Jose M          B417069          Walton corectional Institution
Last  First  Middle Initial     DC Number          Institution

Part A – Inmate Grievance          1802108079

I have Submitted A DC2-530A FORM Asking To be given A PASS FoR The Rec yard duRing my work hours. I work AT the LibRary so iT is not Possible FoR me To have Rec Time with my dorm. I've been Told by Medical ThAt They can not give me A pass FoR This even Though They have Told me That I should get out And exercise. I Then Submitted AN informal Grievance To Medical but it was sent To AssT-warden of PRogRams on 1-29-18 Then his office sent This informal Grievance To Medical. Now medical sent The informal Grievance back To me denied and I should "Address Security About This issue".

It seems no one knows how To pRoperly Resolve This problem. All I am Asking is That I be given A PASS So That I MAY go To The Rec yard A Few Times per week To get The exercise That Medical has Told me To get.

It is a simple MATTER of Allowing me The Time off From work To go To The Rec yard. Either by giving me a pass or by clearing it with my supervisor AT The LibRary.

I started The process of dealing with This issue in The FiRST week of JANUARY, And now here it is The second week of FabuARy. How Long will This be dragged ouT.

Once Again All I Am Asking FoR is A pass To go To The Rec yard FoR exercise That Medical has Recomended.

2/9/18          Jose Rodriguez 417069
DATE          SIGNATURE OF GRIEVANT AND D.C. #

**RESPONSE ATTACHED**

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:  0 / 0

Not Open (060)          # Signature

**INSTRUCTIONS**
This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

**Receipt for Appeals Being Forwarded to Central Office**

Submitted by the inmate on: _____ Institutional Mailing Log #: _____ _____
          (Date)          (Received By)

DISTRIBUTION:  INSTITUTION/FACILITY          CENTRAL OFFICE
          INMATE (2 Copies)          INMATE
          INMATE'S FILE          INMATE'S FILE - INSTITUTION/FACILITY
          INSTITUTIONAL GRIEVANCE FILE          CENTRAL OFFICE INMATE FILE
                    CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Effective 11/13)          Incorporated by Reference in Rule 33-103.006, F.A.C.

## REVIEWER'S ACTION

**TYPE OF ADA ISSUE:**
- ☐ **Program Service or Activity Access (not requiring structural modification)**
- ☐ **Auxiliary Aid or Device Requested**
- ☐ **Physical Access (requiring structural modification)**
- ☒ **Other** _Walker with 4 wheels + Dorm change._

Discussion of Findings: _Walker with 4 wheels to make it easier for ambulation. Pt able to demistrate with 4 wheeled walker that he is able to walk safely with this device - Per Security dorm G2 + G1 is full with no bed available. Pt states "if I get the walker I can walk, it's fine". Will commue to try to get Pt moved to G dorm_

_____S-S-17_____                      _____K. Rice_____
Date Inmate Was Interviewed                      Person Who Conducted Interview

---

**DISPOSITION**

_____ Granted        _____ Denied        __✓__ Modified/Partially Granted

Basis of Decision: _4 wheel walker provided. Will have Pt moved to G dorm as soon as bed available_
_____
_____
_____
_____

**Note:** If disposition is based upon information provided by other staff or other resources, specify the resource or staff and the information provided below. If the request is granted, specify the process by which the modification or accommodation will be provided, in the space below, with time frames if appropriate.

_____ See Above _____
_____
_____

_____K. Rice_____          K. Rice, RN              _____Walton CI_____
Disposition Rendered By    Title Nurse Manager      Institution/Facility

_____S-S-17_____
Date Returned to Inmate

DC2-530 (Effective 1/13)        Incorporated by Reference in Rule 33-210.201, F.A.C.

Department of Corrections

Inmate Personal Property List
(Please Print)

Inmate Name: Rodriguez, Jose M         Number: 417069
Institution: W.C.I                      Date: 5-11-15

| Item | Number | ID # | Requested Disposition | Final Disposition | Date | Officer's Initials | Inmate's Initials |
|---|---|---|---|---|---|---|---|
| Bowl | 1 | | R | R | 5-11-15 | T.H. | JR |
| Cup | 1 | | | | | | JR |
| Bible | 1 | | | | | | JR |
| Slides | 1 | | | | | | JR |
| Writing Paper | 2 | | | | | | JR |
| Blue Bag | 1 | | | | | | JR |
| Socks | 1 | | | | | | JR |
| Comb, Lock | 1 | 152939 | | | | | JR |
| Sun Glasses | 1 | | | | | | JR |
| Hygiene Items | 6 | | | | | | JR |
| Canteen Items | 2 | | | | | | JR |
| Spoon | 1 | | | | | | JR |
| Writing Pen | 1 | | | | | | JR |
| Aspirin | 1 | | R | R | 5-11-15 | T.H. | JR |
| Letters | 10 | | R | R | | | |
| Walking Cane | 1 | | R | R | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

Cash Total Amount: _____   Retained: _____   Amount Deposited: _____

( )   I agree to mail the above items marked M from my own funds.
( )   I do not have the necessary funds for postage. However, I will obtain the necessary funds during the thirty (30) days allowed for disposition of these items.
( )   I agree that the above items marked D be disposed of by the state.

Request Items be Mailed To:                    Witness: T. Hicks          Co.
Name: _____                          Signature of Officer        Rank
                                               W.C.I.                     5-11-15
Address: _____                       Institution or Community Facility    Date
         _____                       Jose Rodriguez    #417069  5-11-15
         _____                       Signature of Inmate    Inmate Number    Date

Distribution:
White        -- To inmate when property is collected
Yellow       -- To property room when property is collected           Symbols indicate:    D - Dispose      R - Return to inmate
Pink         -- To inmate's Personal Property file                                         F - Forfeited    S - Stored
Goldenrod    -- In package being mailed home or to inmate in case                          L - Lost/stolen  W - Worn out
             items are forfeited                                                           M - To be mailed

DC6-224 (Revised 11-00)    Incorporated by Reference in Rule 33-602.201, F.A.C.

EXHIBIT "I"

## SWORN STATEMENT

**COUNTY OF WALTON}**
                                    **SS**
**STATE OF FLORIDA}**

I, ~~Stephe Corder~~ _____, do hereby swear that the following statement is true and correct and made of my own free will, and from my own personal knowledge. I am over (18) years of age and of sound mind and I am competent to make this Sworn Statement:

ON THE 11ᵗʰ Of MAY 2018 MySElf ANd THE Other Transfers in mates AlSO Jose Rodriquez arived at walton corectional Intution inmate Rodriquez was At South Florida RCC with me and ButHer Rmc west And washington Units And Had a walking cane The Hole Time I Have Known and seen Him. All The Time Cain untill we Arived at walton wher Opon Exiting The Bus the off icers confiscated His came and said He wont need this Here And wonce we were in Vp the nurses stated that he couldnt Have His cain Here and whe He Asked abough what He can Have for Replacement the Nurses stated He cant Have one We were later assigned to g1 where He was Having trable walking and lifting his locker and AlSO Having Trobble Takeing Showers and to get to the Chow Hall. And was sent to ButHer and came Back with cane

And I SAW Him come Back with another
cain and After That I Seen Him and
His cain was taken agen.

## <u>OATH</u>

Under the authority of 92.525 Florida Statute, I make the following oath under the penalties of perjury and declare that I have read the sworn statement and the facts stated in it are true.

Respectfully Submitted,

Stephen Carlisle
FDOC # Y26766
Walton Correctional Intuition
691 Intuition Road
Defuniak Springs, Florida  32433

# SWORN STATEMENT

**COUNTY OF WALTON}**
                           **SS**
**STATE OF FLORIDA}**

I, _Derek Hicks_____, do hereby swear that the following statement is true and correct and made of my own free will, and from my own personal knowledge.  I am over (18) years of age and of sound mind and I am competent to make this Sworn Statement:

On or about MAY 11. 2016    myself along with multiple other inmates including Jose Rodriguez arived at walton Correctional institution. inmate rodriguez was at South Florida Reception Center with me along with Butler RMC West Unit and had a walking cane the whole time I have known and seen him. He had said Cain all the way until we arrived at walton where upon exiting the transport Bus the officers confiscated his cane and said he wont need this here. And once we were in V/P the nurses stated that he couldn't have his cain here and when he asked about what he can get for a replacement and the nurses stated he cant get anything. We were later assigned to F-1 where he was having trouble walking and fell a couple time where me and other inmates helped him back up Also later on after he was sent to Butler RMC main unit he returned and was asigned to

G-1 where I was asigned. when he entered upon being assigned there he had his cain and was alot more mobil then a couple hours later the sent him to the infirmary and returned to G dorm with out his cain. This is all on video due to the fact that there are (4) four functioning Camera's in G Dorm Bedding area where we were assigned.

## **OATH**

Under the authority of 92.525 Florida Statute, I make the following oath under the penalties of perjury and declare that I have read the sworn statement and the facts stated in it are true.

Respectfully Submitted,

Derek Hicks

FDOC # B13722

Walton Correctional Intuition
691 Intuition Road
Defuniak Springs, Florida  32433

## DECLARATION OF KEVIN FOSTER-BEY

I declare under the penalty of perjury, that all the following is true and correct.

1. That is declaration is made in connection with the civil matter of Jose Rodriguez, DC# 417068.

2. That I am aware of an ongoing struggle between Mr. Rodriguez and the medical department here at Walton Correctional Institution.

3. That I am aware that Mr. Rodriguez has great trouble with standing for any period of time and is in pain.

4. That sometime within the last three months (Feb-April), that while taking a shower at the same time Mr. Rodriguez, I witnessed him to fall while in the shower. He laid there until I went and put on my underwear to come back and help him up.

5. Mr. Rodriguez and I live in the same housing unit at Walton Correctional Institution, and have for about three months.

Signed this 13th day of April of 2017.

Kevin Foster Bey #A51296

Jose Rodriguez 417069 621065
Walton correctional Institution
691 Instotional Road
Defuniak Spring, FL 32433

FROM A
CORRECTIONAL
INSTITUTION

FIRST-CLASS MAIL

11/01/2018
US POSTAGE $003.10°
ZIP 32433
011E11678517

US District court
100 N. Palafox St
Pensacola, FL 32502